# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39770**

————————————

**UNITED STATES**
*Appellee*

**v.**

**David A. TELLOR, Jr.**
Airman (E-2), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 9 March 2021

————————————

*Military Judge:* Mark F. Rosenow.

*Sentence*: Sentence adjudged on 1 May 2019 by GCM convened at Mountain Home Air Force Base, Idaho. Sentence entered by military judge on 13 August 2019: Dishonorable discharge, confinement for 7 years, forfeiture of all pay and allowances, reduction to E-1, and a reprimand.

*For Appellant:* Major Amanda E. Dermady, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Lieutenant Colonel Matthew J. Neil, USAF; Major Anne M. Delmare, USAF; Major Brian E. Flanagan, USAF; Mary Ellen Payne, Esquire.

Before J. JOHNSON, KEY, and CADOTTE, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

The military judge found Appellant guilty, in accordance with his pleas pursuant to a pretrial agreement, of one specification of sexual assault of a child in violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10

U.S.C. § 920b.[1,2] A general court-martial composed of officer members sentenced Appellant to a dishonorable discharge, confinement for seven years, forfeiture of all pay and allowances, reduction to the grade of E-1, and a reprimand. On 25 June 2019, the convening authority signed a memorandum in which he provided the language of the reprimand, but otherwise did not purport to take action on the findings or sentence.[3] On 13 August 2019, the military judge signed an entry of judgment stating the final sentence.

Appellant raises nine issues on appeal: (1) whether the military judge abused his discretion by erroneously excluding impeachment evidence; (2) whether the military judge abused his discretion by allowing hearsay testimony; (3) whether the military judge abused his discretion when he allowed the victim to exceed the permissible scope of her unsworn statement; (4) whether trial counsel's sentencing argument was improper; (5) whether there is a question as to whether outside influence was improperly brought to bear on any court member; (6) whether Appellant's commander's disparaging post-trial comments unlawfully increased Appellant's punishment; (7) whether cumulative error requires a rehearing on the sentence; (8) whether Appellant's sentence is inappropriately severe; and (9) whether Appellant is entitled to relief for the conditions of his post-trial confinement.[4]

However, we defer our consideration of these issues and instead address an issue not raised by the parties: whether we should remand the record to the Chief Trial Judge, Air Force Trial Judiciary, in light of the convening authority's failure to take action on the entire sentence as required by Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, UCMJ, 10 U.S.C. § 860. We conclude such a remand is appropriate.

The charges and specifications were referred to trial on 31 January 2019; therefore, the Rules for Courts-Martial that went into effect on 1 January 2019 were generally applicable to the post-trial processing of Appellant's case. *See* Executive Order 13,825, § 2, 83 Fed. Reg. at 9889. However, Appellant was convicted of committing an offense prior to 1 January 2019. Therefore, in accordance with Executive Order 13,825, § 6, the version of Article 60, UCMJ, 10

---

[1] Unless otherwise specified, all references to the UCMJ are to the *Manual for Courts-Martial*, United States (2016 ed.).

[2] A second specification of sexual assault of a child was withdrawn and dismissed with prejudice in accordance with the terms of the pretrial agreement.

[3] The terms of the pretrial agreement did not affect the convening authority's ability to approve the sentence adjudged by the court-martial.

[4] Appellant personally raises issues (8) and (9) pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

U.S.C. § 860, in effect prior to 1 January 2019 applied to the convening authority to the extent that it required him to take action on the sentence. 83 Fed. Reg. at 9890. Before 1 January 2019, Article 60, UCMJ, required the convening authority to take action on the sentence in every case. 10 U.S.C. § 860 ("Action on the sentence of a court-martial shall be taken by the convening authority or by another person authorized to act under this section."); *see also United States v. Perez*, 66 M.J. 164, 165 (C.A.A.F. 2008) (per curiam) ("[T]he convening authority is required to take action on the sentence . . . ."); R.C.M. 1107(f)(4)(A) ("The action shall state whether the sentence adjudged by the court-martial is approved. If only part of the sentence is approved, the action shall state which parts are approved.").

The convening authority's 25 June 2019 memorandum indicated that he took action specifically to provide the language of the adjudged reprimand. In addition, it provided that "[u]nless competent authority otherwise directs, upon completion of the sentence to confinement, [Appellant] will be required, under Article 76a, UCMJ, to take leave pending completion of appellate review," which implied the continued existence of an unsuspended dishonorable discharge. *See* 10 U.S.C. § 876a. However, the convening authority did not purport to approve, disapprove, commute, or suspend any element of the sentence other than the reprimand. *See* 10 U.S.C. § 860(c)(2).

This situation is substantially similar to that in *United States v. Lopez*, No. ACM S32597, 2020 CCA LEXIS 439 (A.F. Ct. Crim. App. 8 Dec. 2020) (unpub. op.), and several other recent decisions by this court where we have remanded the record of trial to address incomplete and ambiguous convening authority actions. *See, e.g.*, *United States v. Corpetts*, No. ACM S32633, 2021 CCA LEXIS 21 (A.F. Ct. Crim. App. 25 Jan. 2021) (unpub. op.); *United States v. Beavers*, No. ACM S32651, 2021 CCA LEXIS 20 (A.F. Ct. Crim. App. 22 Jan. 2021) (unpub. op.); *United States v. Walker*, No. ACM 39745, 2021 CCA LEXIS 14 (A.F. Ct. Crim. App. 19 Jan. 2021) (unpub. op.). We recognize that panels of this court composed of other judges have applied different reasoning in cases where the convening authority did not take action on the entire sentence, or purported to take "no action" on the sentence. *See, e.g.*, *United States v. Merritt*, No. ACM 39754, 2021 CCA LEXIS 61, at *2 n.2 (A.F. Ct. Crim. App. 11 Feb. 2021) (unpub. op.); *United States v. Jackman*, No. ACM 39685 (f rev), 2021 CCA LEXIS 26 (A.F. Ct. Crim. App. 26 Jan. 2021) (unpub. op.); *United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.); *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (unpub. op.). However, we continue to adhere to the view expressed in the dissenting opinion in *Aumont* and the majority opinion in *Lopez* in situations where the convening authority fails to take action on the entire sentence as required by Executive Order 13,825 and the pre-1 January 2019 version of Article 60, UCMJ.

Accordingly, we conclude the convening authority's action that only provided the language of the adjudged reprimand was incomplete and ambiguous, and therefore deficient. *See Politte*, 63 M.J. at 26. For the reasons set forth in the majority opinion in *Lopez*, we find the record should be remanded to the Chief Trial Judge to resolve the error. *See* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3) (*Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*)).

The record is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum as the action taken on Appellant's adjudged sentence was ambiguous and incomplete.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Correct the Statement of Trial Results;[5]

(2) Return the record of trial to the convening authority or his successor to take action on the sentence;

(3) Conduct one or more Article 66(f)(3), UCMJ (2019 *MCM*), proceedings using the procedural rules for post-trial Article 39(a), UCMJ, sessions; and/or

(4) Correct or modify the entry of judgment.

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66, UCMJ.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

[5] The Statement of Trial Results failed to include the command that convened the court-martial as required by R.C.M. 1101(a)(3). Appellant has not claimed prejudice from the error. *See United States v. Moody-Neukom*, No. ACM S32594, 2019 CCA LEXIS 521, at *2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.).