PER CURIAM:
A general court-martial composed of a military judge sitting alone, convicted Appellee, pursuant to mixed pleas, of disobeying an order, rape, and assault consummated by battery, in violation of Articles 92, 120, and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 920, 928 (2000). The sentence adjudged by the court-martial included a bad-conduct discharge, confinement for eighteen months, and reduction to the lowest enlisted grade. The convening authority modified the findings by dismissing the charge and specification for rape, and approved that portion of the sentence providing for a bad-conduct discharge, confinement for 206 days, and reduction to the lowest enlisted grade. The United States Air Force Court of Criminal Appeals affirmed the findings, as modified by the convening authority, *165 and approved that portion of the sentence providing for confinement for six months and reduction to the lowest enlisted grade. United States v. Perez, No. ACM 36799, 2007 CCA LEXIS 364, at *10-*11, 2007 WL 2791251, at *4 (A.F.Ct.Crim.App. Sept. 12, 2007) (unpublished).
Upon certification under Article 67(a)(2), UCMJ, 10 U.S.C. § 867(a)(2) (2000), we affirm the decision of the Court of Criminal Appeals. As a matter of command prerogative, the convening authority may modify or dismiss charges and modify the sentence. See Article 60(c)(1), UCMJ, 10 U.S.C. § 860(e)(1) (2000). Although the convening authority is required to take action on the sentence, the convening authority is not required to act on the findings. The broad authority under Article 60(c), UCMJ, includes the power to dismiss charges and reassess a sentence to cure a legal error or moot allegations of such. The Court of Criminal Appeals has an independent responsibility to “affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved.” Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2000). The action taken on appellate review in this case was within the power granted to the Court of Criminal Appeals by Article 66(c), UCMJ. See United States v. Sales, 22 M.J. 305 (C.M.A.1986).