# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM S32633**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Shawn L. CORPPETTS**
Airman Basic (E-1), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 25 January 2021

———————————

*Military Judge:* Elizabeth M. Hernandez.

*Sentence:* Sentence adjudged on 3 October 2019 by SpCM convened at Offutt Air Force Base, Nebraska. Sentence entered by military judge on 28 October 2019: Bad-conduct discharge, confinement for 4 months, and a reprimand.

*For Appellant:* Major Kirk W. Albertson, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Lieutenant Colonel Matthew J. Neil, USAF; Major Dayle P. Percle, USAF; Mary Ellen Payne, Esquire.

Before MINK, KEY, and ANNEXSTAD, *Appellate Military Judges.*

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

PER CURIAM:

A military judge sitting as a special court-martial convicted Appellant, in accordance with his pleas, of one specification each of wrongful use of marijuana on divers occasions and disrespect towards a superior commissioned officer in violation of Articles 112a and 89, Uniform Code of Military Justice (UCMJ),

10 U.S.C. §§ 912a, 889.[1,2] The specification alleging marijuana use pertained to offenses committed between 21 September 2018 and 12 March 2019, while the disrespect offense was charged as having occurred in November 2018. The military judge sentenced Appellant to a bad-conduct discharge, confinement for four months, and a reprimand.[3]

On appeal, Appellant raises two assignments of error which we do not reach here, as we instead address an error in the post-trial processing of Appellant's court-martial: whether the convening authority failed to take action on the sentence as required by Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, UCMJ, 10 U.S.C. § 860. We conclude he did and that remand to the Chief Trial Judge, Air Force Trial Judiciary, is appropriate. Accordingly, we defer addressing Appellant's assignments of error until the record is returned to this court for completion of our review under Article 66, UCMJ, 10 U.S.C. § 866.

## I. BACKGROUND

The specifications in this case were referred on 20 May 2019, and Appellant's court-martial concluded on 3 October 2019. On 8 October 2019, Appellant's trial defense counsel submitted a memorandum noting the severity of the sentence without requesting any specific relief. The memorandum stated Appellant reserved his right to submit matters in clemency "in accordance with normal clemency proceedings," but the record indicates no additional matters were submitted. After consulting with his staff judge advocate, the convening authority signed a Decision on Action memorandum on 12 October 2019.[4] In the memorandum, the convening authority stated: "I take no action on the findings in this case." He further wrote, "I take the following action on the sentence in this case: The following is the reprimand that shall be inserted into the Entry of Judgement [sic] [.]" The rest of the paragraph contained nothing but the text of the reprimand. The memorandum also directed Appellant to "take leave

---

[1] Unless otherwise noted, references to the Uniform Code of Military Justice (UCMJ) and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*).

[2] Appellant was acquitted of one specification of resisting apprehension.

[3] Appellant elected to be sentenced under procedures that went into effect on 1 January 2019, and the military judge sentenced Appellant to two terms of confinement to run concurrently—four months of confinement for the drug use and two months of confinement for the disrespect. *See* R.C.M. 902A(b)–(d), 1002(d)(2)(B) (*Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*)).

[4] The Decision on Action memorandum is undated, but the convening authority's digital signature reflects the date of 12 October 2019.

pending completion of appellate review" upon release from confinement. The memorandum contained no further indication as to whether any element of the sentence was approved, disapproved, commuted, or suspended, or whether the convening authority intended to take action or take no action with respect to any element of the sentence other than the reprimand. On 28 October 2019, the military judge signed the entry of judgment, setting out the sentence, and included the Decision on Action memorandum as an attachment.

## II. DISCUSSION

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). Interpretation of a statute and a Rule for Courts-Martial (R.C.M.) are also questions of law we review de novo. *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted); *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2005) (citation omitted).

Executive Order 13,825, § 6(b), requires that the version of Article 60, UCMJ,

> in effect on the date of the earliest offense of which the accused was found guilty, shall apply to the convening authority . . . to the extent that Article 60: (1) requires action by the convening authority on the sentence; . . . or (5) authorizes the convening authority to approve, disapprove, commute, or suspend a sentence in whole or in part.

*See* 2018 Amendments to the *Manual for Courts-Martial, United States*, 83 Fed. Reg. at 9890. The version of Article 60, UCMJ, in effect in 2018[5]—the year in which the earliest of Appellant's charged offenses occurred—stated "[a]ction on the sentence of a court-martial *shall* be taken by the convening authority or by another person authorized to act under this section." 10 U.S.C. § 860(c)(2)(A) (emphasis added); *see also United States v. Perez*, 66 M.J. 164, 165 (C.A.A.F. 2008) (per curiam) ("[T]he convening authority is required to take action on the sentence . . . ."). Article 60(c)(2)(B), UCMJ, further stated: "Except as [otherwise] provided . . . the convening authority . . . may approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part." 10 U.S.C. § 860(c)(2)(B). The convening authority's action is required to be "clear and unambiguous." *United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citation omitted).

---

[5] *See* National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113-66, § 1702, 127 Stat. 672, 958 (26 Dec. 2013) (establishing 24 June 2014 as the effective date for Article 60, UCMJ, 10 U.S.C. § 860 (2016 *MCM*)).

In cases involving a conviction for an offense committed prior to 1 January 2019, the convening authority is required to explicitly state whether the sentence is approved. R.C.M. 1107(f)(4)(A) (implementing the version of Article 60, UCMJ, applicable to Appellant's case). "If only part of the sentence is approved, the action shall state which parts are approved." *Id.* In this case, the convening authority did not take action on the entire sentence. He set out the terms of Appellant's reprimand and implicitly referenced the adjudged punitive discharge by mentioning appellate leave, but he did not indicate what action he was taking with respect to the confinement. Thus, the convening authority's action was incomplete and ambiguous, and therefore deficient. *See Politte*, 63 M.J. at 26.

The convening authority's failure to take action on the entire sentence fails to satisfy the requirement of Article 60, UCMJ. *See United States v. Lopez*, No. ACM S32597, 2020 CCA LEXIS 439, at *11 (A.F. Ct. Crim. App. 8 Dec. 2020) (unpub. op.). Unlike the cases of *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (unpub. op.), and *Lopez*, the convening authority in Appellant's case did not state he intended to take "no action" on Appellant's sentence. Such an annotation has been construed by several judges on this court to be the equivalent of effecting "action" under Article 60, UCMJ. *See, e.g.*, *Aumont*, unpub. op. at *22; *United States v. Barrick*, No. ACM S32579, 2020 CCA LEXIS 346, at *3–4 (A.F. Ct. Crim. App. 30 Sept. 2020) (unpub. op.). Even under this standard, however, the action here would not be complete and unambiguous, as there was no indication the convening authority intended to take "no action."

Our superior court has mandated that when a Court of Criminal Appeals identifies an ambiguity in an action, it must return the case to the convening authority. *Politte*, 63 M.J. at 25–26 (applying the earlier versions of Articles 60 and 66, UCMJ, 10 U.S.C. §§ 860, 866 (2000)). In requiring the deficient action to be returned to the convening authority, our superior court did not evaluate the deficiency for prejudice; the deficiency in the action *ipso facto* required its return. *Id.*; *see also United States v. Scott*, 49 M.J. 160, 160 (C.A.A.F. 1998). We remand the record to the Chief Trial Judge, Air Force Trial Judiciary, to resolve the error. *See* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3) (*Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*)).

### III. CONCLUSION

This case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum, as the action taken on Appellant's adjudged sentence was ambiguous and incomplete.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Correct the Statement of Trial Results;[6]

(2) Return the record of trial to the convening authority or his successor to take action on the sentence;

(3) Conduct one or more Article 66(f)(3), UCMJ (2019 *MCM*), proceedings using the procedural rules for post-trial Article 39(a), UCMJ, 10 U.S.C. § 839, sessions; and/or

(4) Correct or modify the entry of judgment.

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66, UCMJ.

FOR THE COURT

Carol K. Joyce

CAROL K. JOYCE
Clerk of the Court

---

[6] The statement of trial results failed to include the command that convened the court-martial as required by R.C.M. 1101(a)(3) (2019 *MCM*). Appellant has not claimed prejudice and we find none. *See United States v. Moody-Neukom*, No. ACM S32594, 2019 CCA LEXIS 521, at *2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.).