# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM S32623**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Ricardo R. PADILLA**
Airman (E-2), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 25 March 2021

———————————

*Military Judge:* Mark F. Rosenow.

*Sentence:* Sentence adjudged on 8 May 2019 by SpCM convened at Travis Air Force Base, California. Sentence entered by military judge on 1 August 2019: Bad-conduct discharge, confinement for 8 months, forfeiture of $1,120.00 pay per month for 8 months; reduction to E-1; and a reprimand.

*For Appellant:* Major Amanda E. Dermady, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Major Jessica L. Delaney, USAF; Mary Ellen Payne, Esquire.

Before MINK, KEY, and ANNEXSTAD, *Appellate Military Judges.*

Judge KEY delivered the opinion of the court, in which Senior Judge MINK joined. Judge ANNEXSTAD filed a separate opinion concurring in part and concurring in the result.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

KEY, Judge:

A military judge sitting as a special court-martial convicted Appellant, in accordance with his pleas pursuant to a pretrial agreement, of eight specifications of wrongfully using, possessing, distributing, and introducing onto a military installation two different controlled substances in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1] The specifications pertained to offenses Appellant committed in 2018. The military judge sentenced Appellant to a bad-conduct discharge, confinement for eight months, forfeiture of $1,120.00 pay per month for eight months, reduction to the grade of E-1, and a reprimand.

On appeal, Appellant raises four assignments of error which we do not directly reach here, as we instead address an error in the post-trial processing of Appellant's court-martial: whether the convening authority failed to take action on the sentence as required by Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, UCMJ, 10 U.S.C. § 860. We conclude he did and that remand to the Chief Trial Judge, Air Force Trial Judiciary, is required. Accordingly, we defer addressing Appellant's assignments of error until the record is returned to this court for completion of our review under Article 66(d), UCMJ, 10 U.S.C. § 866(d) (*Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*)).

## I. BACKGROUND

The specifications in this case were referred to a special court-martial on 9 April 2019. On 2 May 2019, Appellant and the convening authority entered into a pretrial agreement in which the convening authority agreed not to approve confinement in excess of three months should Appellant be sentenced to a bad-conduct discharge. Appellant thereafter pleaded guilty before, and was sentenced by, a military judge on 8 May 2019. The military judge did adjudge a bad-conduct discharge, along with eight months of confinement and other punishments. On 18 May 2019, Appellant's trial defense counsel submitted a petition for clemency reiterating the terms of the pretrial agreement and requesting the convening authority defer Appellant's reduction in grade and forfeitures "to the extent permitted by law." After reviewing Appellant's clemency request and consulting with his staff judge advocate, the convening authority

---

[1] Unless otherwise noted, references to the Uniform Code of Military Justice (UCMJ) and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2016 ed.).

signed a Decision on Action memorandum on 25 June 2019. In the memorandum, the convening authority stated: "I take no action on the findings in this case." In spite of the terms of the pretrial agreement, the convening authority further wrote, "I take no action on the sentence in this case. . . . I did not previously grant any deferments on adjudged forfeitures in this case. . . . I did not waive any automatic forfeitures in this case."[2] The Decision on Action also contained the text of Appellant's reprimand and noted Appellant "will be required . . . to take leave pending completion of appellate review." The memorandum contained no further indication as to whether any element of the sentence was approved, disapproved, commuted, or suspended. On 1 August 2019, the military judge—also in spite of the pretrial agreement—signed an entry of judgment which included a sentence to eight months of confinement. He included the Decision on Action memorandum as an attachment.[3]

## II. DISCUSSION

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). Interpretation of a statute and a Rule for Courts-Martial (R.C.M.) are also questions of law we review de novo. *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted); *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2005) (citation omitted).

Executive Order 13,825, § 6(b), requires that the version of Article 60, UCMJ,

> in effect on the date of the earliest offense of which the accused was found guilty, shall apply to the convening authority . . . to the extent that Article 60: (1) requires action by the convening authority on the sentence; . . . or (5) authorizes the convening authority to approve, disapprove, commute, or suspend a sentence in whole or in part.

---

[2] The record of trial does not indicate Appellant had any dependents for whose benefit automatic forfeitures could be waived.

[3] The four assignments of error Appellant submitted to this court are: (1) the convening authority failed to approve no more than three months of confinement pursuant to the pretrial agreement; (2) the entry of judgment omits the pretrial agreement limitation; (3) the convening authority did not act in writing on Appellant's request to defer his grade reduction and forfeitures; and (4) his case was not docketed with this court in a timely fashion. The Government has conceded error regarding the first two assignments, but argues Appellant was not prejudiced based upon the Government's claim Appellant was ordered to be released from confinement once he had served three months.

*See* 2018 Amendments to the *Manual for Courts-Martial, United States*, 83 Fed. Reg. at 9890. The version of Article 60, UCMJ, in effect in 2018—the year in which Appellant's offenses occurred—stated "[a]ction on the sentence of a court-martial *shall* be taken by the convening authority or by another person authorized to act under this section." 10 U.S.C. § 860(c)(2)(A) (emphasis added); *see also United States v. Perez*, 66 M.J. 164, 165 (C.A.A.F. 2008) (per curiam) ("[T]he convening authority is required to take action on the sentence . . . ."). Article 60(c)(2)(B), UCMJ, further stated: "Except as [otherwise] provided . . . the convening authority . . . may approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part." 10 U.S.C. § 860(c)(2)(B). The convening authority's action is required to be "clear and unambiguous." *United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citation omitted).

This court addressed a similar situation in its recent en banc decision in *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (unpub. op.). In *Aumont*, the convening authority signed a memorandum stating that he took "no action" on the findings or sentence in a case involving offenses occurring prior to 1 January 2019. *Id.* at *19. *Aumont* resulted in four separate opinions, reflecting four distinct positions among the judges on this court as to whether the convening authority's statement that he took no action was erroneous and, if so, whether remand for correction was required. *Id.* (*passim*). A majority of the judges in *Aumont*—six of the ten judges—concluded the convening authority erred; four of those six judges, including the majority of the panel in the instant case, found the error required remand for corrective action without testing for prejudice, *id.* at *89 (J. Johnson, C.J., concurring in part and dissenting in part).

We recognize that other panels of this court have applied different reasoning in cases decided before and after *Aumont*. *See, e.g.*, *United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.); *United States v. Barrick*, No. ACM S32579, 2020 CCA LEXIS 346 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub. op.); *United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS 246 (A.F. Ct. Crim. App. 27 Jul. 2020) (unpub. op.); *cf. United States v. Coffman*, 79 M.J. 820, 824 (A. Ct. Crim. App. 2020) (wherein our sister-service court found the convening authority's failure to take action was harmless error). Nevertheless, we continue to adhere to the view that—in situations where the convening authority fails to take action on the sentence as required by Executive Order 13,825 and the pre-1 January 2019 version of Article 60, UCMJ—the convening authority has erred.

In cases involving a conviction for an offense committed prior to 1 January 2019, the convening authority is required to explicitly state whether the sentence is approved. R.C.M. 1107(f)(4)(A) (implementing the version of Article 60,

UCMJ, applicable to Appellant's case). "If only part of the sentence is approved, the action shall state which parts are approved." *Id*. In this case, the convening authority did not take action on the entire sentence. He set out the terms of Appellant's reprimand and implicitly referenced the adjudged punitive discharge by mentioning appellate leave, but he did not mention the confinement, forfeitures, or reduction in grade. The convening authority's action was incomplete and ambiguous, and therefore deficient. *See Politte*, 63 M.J. at 26. The convening authority's failure to take action on the entire sentence fails to satisfy the requirement of the applicable Article 60, UCMJ. *See United States v. Lopez*, No. ACM S32597, 2020 CCA LEXIS 439, at *11 (A.F. Ct. Crim. App. 8 Dec. 2020) (unpub. op.).

Our superior court has mandated that when a Court of Criminal Appeals identifies an ambiguity in an action, it must return the case to the convening authority. *Politte*, 63 M.J. at 25–26 (applying the earlier versions of Articles 60 and 66, UCMJ, 10 U.S.C. §§ 860, 866 (2000), reasoning which we find applicable here). In requiring the deficient action to be returned to the convening authority, our superior court did not evaluate the deficiency for prejudice; the deficiency in the action *ipso facto* required its return. *Id*.; *see also United States v. Scott*, 49 M.J. 160, 160 (C.A.A.F. 1998). For the reasons set forth in the dissenting opinion in *Aumont*, we remand the record to the Chief Trial Judge, Air Force Trial Judiciary, to resolve the error. Unpub. op. at *89 (J. Johnson, C.J., concurring in part and dissenting in part); *see* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3) (2019 *MCM*).

### III. CONCLUSION

This case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum, as the action taken on Appellant's adjudged sentence was ambiguous and incomplete.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Correct the Statement of Trial Results;[4]

---

[4] The statement of trial results failed to include the command that convened the court-martial as required by R.C.M. 1101(a)(3) (2019 *MCM*). Appellant has not claimed prejudice and we find none. *See United States v. Moody-Neukom*, No. ACM S32594, 2019 CCA LEXIS 521, at *2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.).

    (2)  Return the record of trial to the convening authority or his successor to take action on the sentence;

    (3)  Conduct one or more Article 66(f)(3), UCMJ (2019 *MCM*), proceedings using the procedural rules for post-trial Article 39(a), UCMJ, 10 U.S.C. § 839, sessions; and/or

    (4)  Correct or modify the entry of judgment.

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66, UCMJ (2019 *MCM*).


ANNEXSTAD, Judge (concurring in part and concurring in the result):

I disagree with my colleagues' rationale for remanding this case to the Chief Trial Judge, Air Force Trial Judiciary, because the convening authority's action was ambiguous and incomplete. Consistent with our court's decision in *United States v. Barrick*, No. ACM S32579, 2020 CCA LEXIS 346, at *3 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub. op.), I would find the convening authority's decision to "take no action on the sentence" was the equivalent of action. Nevertheless, I conclude that remand in this case is necessary because the convening authority failed to take action on the sentence that was consistent with the terms of the pretrial agreement (PTA). In this case, the PTA limited Appellant's confinement term to no more than three months, but the convening authority approved the sentence as adjudged, which included eight months of confinement. This decision was later memorialized by the military judge in the entry of judgment which listed eight months as the approved term of confinement. Therefore, I would remand this case to the Chief Trial Judge, for action by the convening authority consistent with the terms of the PTA and correction of the entry of judgment.


FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court