# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

_____

**No. ACM 39845**

_____

**UNITED STATES**
*Appellee*

**v.**

**Jacob M. HUFF**
Senior Airman (E-4), U.S. Air Force, *Appellant*

_____

Appeal from the United States Air Force Trial Judiciary

Decided 8 April 2021

_____

*Military Judge:* Thomas J. Alford.

*Sentence:* Sentence adjudged on 9 October 2019 by GCM convened at Offutt Air Force Base, Nebraska. Sentence entered by military judge on 6 December 2019: Bad-conduct discharge, confinement for 24 months, forfeiture of all pay and allowances, reduction to E-1, and a reprimand.

*For Appellant:* Major Amanda E. Dermady, USAF.

*For Appellee:* Major John P. Patera, USAF; Mary Ellen Payne, Esquire.

Before MINK, KEY, and ANNEXSTAD, *Appellate Military Judges*.

Judge KEY delivered the opinion of the court, in which Senior Judge MINK and Judge ANNEXSTAD joined.

_____

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

_____

KEY, Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas pursuant to a pretrial agreement, of two specifications each of possessing and viewing child pornography in violation of Article

134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934.[1,2] The specifications pertained to offenses Appellant committed between on or about 25 June 2014 and November 2018. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 24 months, forfeiture of all pay and allowances, reduction to the grade of E-1, and a reprimand.

On appeal, Appellant raises four assignments of error: (1) whether the military judge erred by admitting a certain exhibit over defense objection; (2) whether certain language should be excepted from two specifications; (3) whether the entry of judgment should be corrected to reflect that Charge I and its specification were dismissed "with prejudice;" and (4) whether the convening authority erred by not taking action on Appellant's sentence as required by Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, UCMJ, 10 U.S.C. § 860. Appellant proposes this court implement the following respective remedies for the above assignments: (1) reassess Appellant's sentence; (2) set aside and dismiss certain language from the two specifications; (3) order the publication of a corrected entry of judgment; and (4) remand the case so that the convening authority can take action.

We agree with Appellant with respect to his fourth assignment of error and his proposed remedy. As a result, we do not reach his first three assignments of error, and we conclude remand to the Chief Trial Judge, Air Force Trial Judiciary, is appropriate. We note, however, that the Government does not dispute Appellant's third assignment of error and has asked us to use our authority to amend the entry of judgment "in the interest of judicial economy." Considering our resolution of Appellant's fourth assignment of error, we will defer addressing the remainder of his assignments until the record is returned to this court for completion of our review under Article 66(d), UCMJ, 10 U.S.C. § 866(d) (*Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*)).

## I. BACKGROUND

The specifications in this case were referred on 7 August 2019, and Appellant was tried by a military judge on 9 October 2019. In his pretrial agreement, and in exchange for Appellant's guilty plea to Charge II and its specifications, the convening authority agreed, *inter alia*, to "[d]irect the trial counsel to withdraw and dismiss without prejudice Charge I and its [s]pecification . . . [which]

---

[1] Unless otherwise noted, references to the Uniform Code of Military Justice (UCMJ) and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] Pursuant to the terms of the pretrial agreement, the Government withdrew and dismissed one charge and its specification of sexual assault under Article 120, UCMJ, 10 U.S.C. § 920.

will ripen into dismissal with prejudice upon action by the [c]onvening [a]uthority." The convening authority further agreed to defer and waive any forfeitures to maximize the financial benefit to Appellant's son, as well as suspend "and/or" defer any reduction in grade.

During Appellant's court-martial, trial counsel did withdraw and dismiss Charge I and its specification, lining out the offense on the charge sheet. The military judge signed the Statement of Trial Results that same day indicating the charge and specification had been "[w]ithdrawn and dismissed per pretrial agreement." Ten days later, Appellant waived his right to submit matters in clemency, and on 1 November 2019, the convening authority signed a Decision on Action memorandum. In the memorandum, the convening authority stated: "I take no action on the findings in this case." He further wrote, "I take the following action on the sentence in this case" followed by several paragraphs in which he detailed: (1) the wording of Appellant's reprimand; (2) Appellant's adjudged reduction in grade was deferred from 23 October 2019 (14 days after Appellant's court-martial) through the entry of judgment and would be suspended for an additional six months thereafter; (3) the adjudged forfeitures were similarly deferred through entry of judgment and suspended for the following six months; and (4) Appellant's automatic forfeitures were waived for six months for Appellant's son's benefit, beginning on 23 October 2019. The Decision on Action memorandum also directed Appellant to "take leave pending completion of appellate review" upon release from confinement. The memorandum contained no indication as to whether Appellant's sentence to confinement was approved, disapproved, commuted, or suspended.

On 6 December 2019, the military judge signed the entry of judgment, setting out the adjudged sentence and Appellant's deferred forfeitures, deferred reduction in grade, and waived automatic forfeitures. He included the Decision on Action memorandum as an attachment. With respect to the dismissed charge and specification, the entry of judgment only repeats the language from the Statement of Trial Results: "Withdrawn and dismissed per pretrial agreement."

## II. DISCUSSION

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). Interpretation of a statute and a Rule for Courts-Martial (R.C.M.) are also questions of law we review de novo. *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted); *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2005) (citation omitted).

Executive Order 13,825, § 6(b), requires that the version of Article 60, UCMJ,

in effect on the date of the earliest offense of which the accused was found guilty, shall apply to the convening authority . . . to the extent that Article 60: (1) requires action by the convening authority on the sentence; . . . or (5) authorizes the convening authority to approve, disapprove, commute, or suspend a sentence in whole or in part.

*See* 2018 Amendments to the *Manual for Courts-Martial, United States*, 83 Fed. Reg. at 9890. The version of Article 60, UCMJ, in effect when Appellant's offenses first occurred stated "[a]ction on the sentence of a court-martial *shall* be taken by the convening authority or by another person authorized to act under this section." 10 U.S.C. § 860(c)(2)(A) (emphasis added); *see also United States v. Perez*, 66 M.J. 164, 165 (C.A.A.F. 2008) (per curiam) ("[T]he convening authority is required to take action on the sentence . . . ."). Article 60(c)(2)(B), UCMJ, further stated: "Except as [otherwise] provided . . . the convening authority . . . may approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part." 10 U.S.C. § 860(c)(2)(B). The convening authority's action is required to be "clear and unambiguous." *United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citation omitted).

This court addressed a similar situation in its recent en banc decision in *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (unpub. op.). In *Aumont*, the convening authority signed a memorandum stating that he took "no action" on the findings or sentence in a case involving offenses occurring prior to 1 January 2019. *Id.* at *19. *Aumont* resulted in four separate opinions, reflecting four distinct positions among the judges on this court as to whether the convening authority's statement that he took no action was erroneous and, if so, whether remand for correction was required. *Id.* (*passim*). A majority of the judges in *Aumont*—six of the ten judges—concluded the convening authority erred; four of those six judges, including the majority of the panel in the instant case, found the error required remand for corrective action without testing for prejudice, *id.* at *89 (J. Johnson, C.J., concurring in part and dissenting in part).

We recognize that other panels of this court have applied different reasoning in cases decided before and after *Aumont. See, e.g., United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.); *United States v. Barrick*, No. ACM S32579, 2020 CCA LEXIS 346 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub. op.); *United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS 246 (A.F. Ct. Crim. App. 27 Jul. 2020) (unpub. op.); *cf. United States v. Coffman*, 79 M.J. 820, 824 (A. Ct. Crim. App. 2020) (wherein our sister-service court found the convening authority's failure to take action was harmless error). Nevertheless, we continue to adhere

to the view that—in situations where the convening authority fails to take action on the sentence as required by Executive Order 13,825 and the pre-1 January 2019 version of Article 60, UCMJ—the convening authority has erred.

In cases involving a conviction for an offense committed prior to 1 January 2019, the convening authority is required to explicitly state whether the sentence is approved. R.C.M. 1107(f)(4)(A) (implementing the version of Article 60, UCMJ, applicable to Appellant's case). "If only part of the sentence is approved, the action shall state which parts are approved." *Id.* In this case, the convening authority did not take action on the entire sentence. He implicitly referenced the adjudged punitive discharge by mentioning appellate leave in addition to setting out the terms of the reprimand and modifying Appellant's forfeitures and reduction in grade, but he did not mention the confinement. The convening authority's action was incomplete and ambiguous, and therefore deficient. *See Politte*, 63 M.J. at 26. The convening authority's failure to take action on the entire sentence fails to satisfy the requirement of the applicable Article 60, UCMJ. *See United States v. Lopez*, No. ACM S32597, 2020 CCA LEXIS 439, at *11 (A.F. Ct. Crim. App. 8 Dec. 2020) (unpub. op.).

Our superior court has mandated that when a Court of Criminal Appeals identifies an ambiguity in an action, it must return the case to the convening authority. *Politte*, 63 M.J. at 25–26 (applying the earlier versions of Articles 60 and 66, UCMJ, 10 U.S.C. §§ 860, 866 (2000), reasoning which we find applicable here). In requiring the deficient action to be returned to the convening authority, our superior court did not evaluate the deficiency for prejudice; the deficiency in the action *ipso facto* required its return. *Id.*; *see also United States v. Scott*, 49 M.J. 160, 160 (C.A.A.F. 1998). For the reasons set forth in the dissenting opinion in *Aumont*, we remand the record to the Chief Trial Judge, Air Force Trial Judiciary, to resolve the error. Unpub. op. at *89 (J. Johnson, C.J., concurring in part and dissenting in part); *see* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3) (2019 *MCM*).

Although we do not resolve the issue here, Appellant has asserted the entry of judgment should be corrected to reflect the fact Charge I and its specification were dismissed "with prejudice" pursuant to the terms of his pretrial agreement. While not clearly conceding error, the Government has suggested we correct the entry of judgment to reflect this. Because our remand of this case will likely result in a corrected entry of judgment which may render this issue moot, we will not use our authority to amend the entry at this stage of Appellant's appeal.

### III. CONCLUSION

This case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum, as the action taken on Appellant's adjudged sentence was ambiguous and incomplete.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Correct the Statement of Trial Results;[3]

(2) Return the record of trial to the convening authority or his successor to take action on the sentence;

(3) Conduct one or more Article 66(f)(3), UCMJ (2019 *MCM*), proceedings using the procedural rules for post-trial Article 39(a), UCMJ, 10 U.S.C. § 839, sessions; and/or

(4) Correct or modify the entry of judgment.

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66, UCMJ.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[3] The statement of trial results failed to include the command that convened the court-martial as required by R.C.M. 1101(a)(3) (2019 *MCM*). Appellant has not claimed prejudice and we find none. *See United States v. Moody-Neukom*, No. ACM S32594, 2019 CCA LEXIS 521, at *2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.).