# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

## No. ACM S32644

————————————

## UNITED STATES
*Appellee*

v.

## Kejuan D. DANIELS
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 1 June 2021

————————————

*Military Judge:* Sterling C. Pendleton.

*Sentence:* Sentence adjudged 22 January 2020 by SpCM convened at Dyess Air Force Base, Texas. Sentence entered by military judge on 6 February 2020: Bad-conduct discharge, confinement for 30 days, forfeiture of $1,120.00 pay per month for one month, reduction to E-1, and a reprimand.

*For Appellant:* Major Meghan R. Glines-Barney, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF.

Before J. JOHNSON, POSCH, and KEY, *Appellate Military Judges*.

Chief Judge J. JOHNSON delivered the opinion of the court, in which Judge KEY joined. Senior Judge POSCH filed a separate dissenting opinion.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

J. JOHNSON, Chief Judge:

A special court-martial composed of a military judge alone convicted Appellant, in accordance with his pleas pursuant to a plea agreement, of one specification of conspiracy to violate a lawful general regulation, one specification of wrongful solicitation to make a false official statement, one specification of violation of a lawful general regulation, one specification of making a false official statement, and one specification of wrongfully using marijuana on divers occasions in violation of Articles 81, 82, 92, 107, and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 882, 892, 907, 912a, respectively.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 30 days,[2] forfeiture of $1,120.00 pay per month for one month, reduction to the grade of E-1, and a reprimand. The convening authority signed a "Decision on Action" memorandum which stated he took "no action" on the findings or sentence, but provided language for the adjudged reprimand. Thereafter, the military judge signed an entry of judgment reflecting the adjudged findings and sentence, including the reprimand language.

Appellant has submitted the record for our review on its merits with no specific assignment of error. Although not raised by Appellant, we address whether the convening authority failed to take action on the sentence as required by Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, UCMJ, 10 U.S.C. § 860 (*Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*)). We find the convening authority failed to take action on the entire sentence as he was required to do, and that remand to the Chief Trial Judge, Air Force Trial Judiciary, is appropriate. Accordingly, we defer completion of our Article 66, UCMJ, 10 U.S.C. § 866, review until the record is returned to this court.

## I. BACKGROUND

### A. Factual Background

On 1 August 2019, Appellant was randomly selected to provide a sample for urinalysis drug testing. Appellant was concerned that his sample would test positive due to recent marijuana use. Before he reported to provide a sample, Appellant contacted two friends, Airman First Class (A1C) B and A1C D, and the three of them drove to an off-base store near Dyess Air Force Base,

---

[1] Unless otherwise specified, all references to the UCMJ and all references to the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] The military judge imposed concurrent sentences to confinement of 30 days for violation of Article 92, UCMJ, and 15 days for the violation of Article 81, UCMJ. He imposed no confinement for the other offenses.

Texas. On the way there, Appellant told the other two Airmen that he had used marijuana the prior week. The three Airmen went into the store where A1C B—the only one of the three not in uniform—bought two home urinalysis drug test kits. The Airmen then returned to their dormitory on base where Appellant used one of the tests A1C B bought. As he feared, Appellant tested positive for tetrahydrocannabinol (THC), the psychoactive compound in marijuana.

With the assistance of A1C B and A1C D, Appellant devised a plan to substitute A1C D's urine for his own and thereby avoid detection of his marijuana use. After obtaining urine from A1C D, Appellant drove the three of them to the facility where urine samples were collected. There he gave his vehicle keys to the others so that A1C D could return to duty. After A1C B and A1C D departed, Appellant called them and told them "if anyone from the squadron asked about their whereabouts, do not tell them where they [had been], say someplace else."

Appellant successfully filled the specimen container with A1C D's urine without being detected. The sample later tested negative for all tested substances.

Despite this success, Appellant's plan quickly unraveled. After Appellant "provided" the urine sample, A1C B showed Appellant a text message from A1C D stating that "the truth is out." Appellant was questioned by his squadron commander who, after advising Appellant of his Article 31, UCMJ, 10 U.S.C. § 831, rights, asked him why he had gone to the store with A1C B and A1C D and what had been bought there. Appellant falsely responded that he did not know why they went and did not know what A1C B bought. Around the same time, A1C D was questioned by a supervisor. A1C D eventually admitted the truth and provided a written statement which led to the recovery of the discarded used home drug test.

Appellant was ordered to provide another urine sample on 1 August 2019 based on probable cause. The sample tested positive for THC. Subsequent additional urine samples lawfully collected from Appellant on 20 August 2019 and 4 September 2019 also tested positive for THC.

## B. Procedural Background

Appellant's squadron commander preferred the charges and specifications on 28 October 2019. The Specification of Charge V alleged Appellant wrongfully used marijuana on divers occasions between on or about 1 October 2018 and on or about 4 September 2019; the other offenses were alleged to have occurred on or about 1 August 2019. On 31 October 2019, the charges and specifications were referred for trial by special court-martial.

Appellant entered a plea agreement with the convening authority whereby Appellant agreed, *inter alia,* to be tried by a military judge alone and to plead

guilty to the charges and specifications. In return, the convening authority agreed to specific limitations on the amount of confinement the military judge could impose for each specification, which would run concurrently, the net effect of which was that Appellant faced a maximum confinement term of three months.

At Appellant's court-martial, the military judge found Appellant guilty of all charges and specifications in accordance with his pleas and sentenced Appellant to a bad-conduct discharge, confinement for 30 days, forfeiture of $1,120.00 pay per month for one month, reduction to the grade of E-1, and a reprimand.

After considering Appellant's clemency matters and consulting with the staff judge advocate, the convening authority signed a memorandum with the subject line "Convening Authority Decision on Action." In the memorandum the convening authority stated he took no action on the findings or sentence. The memorandum provided the language of the adjudged reprimand, and included the statement: "Unless competent authority otherwise directs, upon completion of the sentence to confinement, [Appellant] will be required, under Article 76a, Uniform Code of Military Justice, to take leave pending completion of appellate review." Three days later the military judge signed the entry of judgment, which reflected the adjudged sentence and the convening authority's reprimand language.

## II. DISCUSSION

The charges and specifications were referred to trial after 1 January 2019; therefore, the Rules for Courts-Martial that went into effect on 1 January 2019 were generally applicable to the post-trial processing of Appellant's case. *See* Executive Order 13,825, § 5, 83 Fed. Reg. at 9890. However, one of the offenses for which Appellant was convicted alleged an offense committed before 1 January 2019. Therefore, in accordance with Executive Order 13,825, § 6, the version of Article 60, UCMJ, 10 U.S.C. § 860, in effect prior to 1 January 2019 applied to the convening authority to the extent that it required him to take action on the sentence. 83 Fed. Reg. at 9890. Before 1 January 2019, Article 60, UCMJ, required the convening authority to take action on the sentence in every case. 10 U.S.C. § 860 (2016 *MCM*) ("Action on the sentence of a court-martial shall be taken by the convening authority or by another person authorized to act under this section."); *see also United States v. Perez*, 66 M.J. 164, 165 (C.A.A.F. 2008) (per curiam) ("[T]he convening authority is required to take action on the sentence . . . ."); R.C.M. 1107(f)(4)(A) (2016 *MCM*) ("The action shall state whether the sentence adjudged by the court-martial is approved. If only part of the sentence is approved, the action shall state which parts are approved.").

4

In spite of this requirement, the convening authority specifically stated that he took "no action" on the sentence. His provision of the language of the adjudged reprimand and his reference to Appellant taking leave "under Article 76a" implied the continued existence of the reprimand and bad-conduct discharge. *See* 10 U.S.C. § 876a. However, the convening authority did not purport to approve, disapprove, commute, or suspend any element of the sentence. *See* 10 U.S.C. § 860(c)(2) (2016 MCM).

This situation is substantially similar to that in several other recent decisions by this court where we have remanded the record of trial to address incomplete and ambiguous convening authority actions. *See, e.g.*, *United States v. Huff*, No. ACM 39845, 2021 CCA LEXIS 168 (A.F. Ct. Crim. App. 8 Apr. 2021) (unpub. op.); *United States v. Anderson*, No. ACM S32671, 2021 CCA LEXIS 134 (A.F. Ct. Crim. App. 30 Mar. 2021) (unpub. op.); *United States v. Corpetts*, No. ACM S32633, 2021 CCA LEXIS 21 (A.F. Ct. Crim. App. 25 Jan. 2021) (unpub. op.); *United States v. Lopez*, No. ACM S32597, 2020 CCA LEXIS 439 (A.F. Ct. Crim. App. 8 Dec. 2020) (unpub. op.). We recognize that panels of this court composed of other judges have applied different reasoning in cases where the convening authority did not take action on the entire sentence, or purported to take "no action" on the sentence. *See, e.g.*, *United States v. Merritt*, No. ACM 39754, 2021 CCA LEXIS 61, at *2 n.2 (A.F. Ct. Crim. App. 11 Feb. 2021) (unpub. op.), *rev. granted*, 2021 CAAF LEXIS 320 (C.A.A.F. 2021); *United States v. Jackman*, No. ACM 39685 (f rev), 2021 CCA LEXIS 26 (A.F. Ct. Crim. App. 26 Jan. 2021) (unpub. op.); *United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.); *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416 (A.F. Ct. Crim. App. 20 Nov. 2020), (en banc) (unpub. op.), *rev. granted*, 2021 CAAF LEXIS 389 (C.A.A.F. 2021). However, we continue to adhere to the same view expressed in the majority opinion in *Lopez* and the dissenting opinion in *Aumont* in situations where the convening authority fails to take action on the entire sentence as required by Executive Order 13,825 and the pre-1 January 2019 version of Article 60, UCMJ. *See Lopez*, unpub. op. at *8–11; *Aumont*, unpub. op. at *79–90 (J. Johnson, C.J., dissenting).

Accordingly, we conclude the convening authority's Decision on Action memorandum was inadequate to fulfill the requirement that he take action on the entire sentence, and that the record should be remanded to the Chief Trial Judge to resolve the error. *See* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3); *United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (stating the convening authority's action is required to be "clear and unambiguous").

### III. Conclusion

The record is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum as the convening authority failed to take action on the entire sentence.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Correct the Statement of Trial Results;[3]

(2) Return the record of trial to the convening authority or his successor to take action on the sentence;

(3) Conduct one or more Article 66(f)(3), UCMJ, proceedings using the procedural rules for post-trial Article 39(a), UCMJ, sessions; and/or

(4) Correct or modify the entry of judgment.

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66, UCMJ.


POSCH, Senior Judge, (dissenting):

I disagree that the convening authority failed to properly effectuate a sentence he determined was appropriate for Appellant. I find the convening authority's decision not to disturb Appellant's adjudged sentence closely tracked his obligations under the Military Justice Act of 2016, *see* National Defense Authorization Act for Fiscal Year 2017 (FY17 NDAA), Pub. L. No. 114-328, §§ 5001–5542 (23 Dec. 2016), as implemented by the President effective on 1 January 2019 in Exec. Order 13,825, 83 Fed. Reg. 9889 (8 Mar. 2018).

The convening authority did not err because Article 60a, UCMJ, 10 U.S.C. § 860a, contained in the *Manual for Courts-Martial, United States* (2019 ed.), governed the convening authority's decision on action. In this regard, I adhere to the view most recently articulated in *United States v. Hong*, No. ACM 39830, 2021 CCA LEXIS 260, at *9–55 (A.F. Ct. Crim. App. 26 May 2021) (Posch, S.J., dissenting) (unpub. op.); *see also United States v. Lopez*, No. ACM S32597, 2020

---

[3] The Statement of Trial Results failed to include the command that convened the court-martial as required by R.C.M. 1101(a)(3). Appellant has not claimed prejudice from the error. *See United States v. Moody-Neukom*, No. ACM S32594, 2019 CCA LEXIS 521, at *2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.).

CCA LEXIS 439, at *12–46 (A.F. Ct. Crim. App. 8 Dec. 2020) (Posch, S.J., dissenting) (unpub. op.); *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416, at *36–79 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (Posch, S.J., concurring in part and in the result) (unpub. op.), *rev. granted*, ___ M.J. ___, No. 21-0126, 2021 CAAF LEXIS 389 (C.A.A.F. 4 Mar. 2021); and *United States v. Barrick*, No. ACM S32579, 2020 CCA LEXIS 346, at *9–36 (A.F. Ct. Crim. App. 30 Sep. 2020) (Posch, S.J., concurring in the result) (unpub. op.).

The convening authority's decision memorandum was neither ambiguous nor incomplete as found by the opinion of the court. I would affirm the findings and sentence entered by the military judge.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court