# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39950**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Dejuan A. JONES**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 3 November 2021

————————————

*Military Judge:* Thomas J. Alford.

*Sentence:* Sentence adjudged on 27 May 2020 by GCM convened at Minot Air Force Base, North Dakota. Sentence entered by military judge on 26 June 2020: Bad-conduct discharge, confinement for 20 months, forfeiture of all pay and allowances, reduction to the grade of E-1, and a reprimand.

*For Appellant:* Captain David L. Bosner, USAF.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Captain Cortland T. Bobczynski, USAF; Mary Ellen Payne, Esquire.

Before KEY, RICHARDSON, and MERRIAM, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

A general court-martial composed of a military judge alone found Appellant guilty, in accordance with his pleas and a pretrial agreement (PTA), of one specification of possession of child pornography on divers occasions, in violation

of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934.[1] The offenses were committed between March and December 2018. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 20 months, forfeiture of all pay and allowances, reduction to the grade of E-1, and a reprimand. The PTA required the convening authority to approve no more than 24 months of confinement.

Appellant raises two assignments of error. First, whether the sentence of confinement for 20 months is inappropriately severe. Second, whether Appellant is entitled to appropriate relief due to the convening authority's failure to take action on the sentence as required by law.

We find the convening authority failed to take action on the entire sentence as he was required to do, and that Appellant's requested relief of remand to the Chief Trial Judge, Air Force Trial Judiciary, is appropriate. We defer addressing Appellant's first assignment of error, which addresses the appropriateness of the approved sentence and subsequently entered judgment, until the record is returned to this court for completion of our Article 66, UCMJ, 10 U.S.C. § 866, review.

## I. BACKGROUND

After the sentence was adjudged by the military judge, Appellant requested the convening authority grant clemency. Appellant specifically requested that the convening authority disapprove "the portion of his sentence that calls for reduction to the grade of E-1 and total forfeitures." Appellant further requested "any relief available . . . in accordance with the applicable Rules for Court-Martial and Uniform Code of Military Justice."

The convening authority subsequently issued his Decision on Action memorandum.[2] In the memorandum, the convening authority stated, "I take no action on the sentence in this case." Nevertheless, the convening authority prescribed the language of the reprimand. The Decision on Action memorandum also indicated Appellant would be required to take appellate leave under Article 76a, UCMJ, 10 U.S.C. § 876a. However, there was no explicit statement as to whether any element of the sentence was approved, disapproved, commuted, or suspended.

---

[1] Unless otherwise noted, all references in this opinion to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] This convening authority was the successor to the officer who convened Appellant's court-martial and entered into the PTA.

After receiving the decision on action, the military judge signed the entry of judgment (EoJ), in which the sentence entered was the same as the sentence initially adjudged.

## II. DISCUSSION

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). Interpretation of a statute and a Rule for Courts-Martial are also questions of law we review de novo. *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted); *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2005) (citation omitted).

Executive Order 13,825, § 6(b), requires that the version of Article 60, UCMJ, 10 U.S.C. § 860,

> in effect on the date of the earliest offense of which the accused was found guilty, shall apply to the convening authority . . . to the extent that Article 60: (1) requires action by the convening authority on the sentence; . . . or (5) authorizes the convening authority to approve, disapprove, commute, or suspend a sentence in whole or in part.

*See* 2018 Amendments to the *Manual for Courts-Martial, United States*, 83 Fed. Reg. 9889, 9890 (1 Mar. 2018).

The date of the earliest charged offense of which Appellant was found guilty was on or about 7 March 2018. The version of Article 60, UCMJ, in effect on that date stated "[a]ction on the sentence of a court-martial *shall* be taken by the convening authority or by another person authorized to act under this section." 10 U.S.C. § 860(c)(2)(A) (emphasis added); *see also United States v. Perez*, 66 M.J. 164, 165 (C.A.A.F. 2008) (per curiam) ("[T]he convening authority is required to take action on the sentence . . . ."). Article 60, UCMJ, further stated: "Except as [otherwise] provided . . . the convening authority . . . may approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part." 10 U.S.C. § 860(c)(2)(B).

The United States Court of Appeals for the Armed Forces (CAAF) recently held that:

> In any case where an accused is found guilty of at least one specification where the offense was committed before January 1, 2019, a convening authority errs if he fails to take one of the following mandated post-trial actions in a case: approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part.

*United States v. Brubaker-Escobar*, ___ M.J. ___, No. 20-0345, 2021 CAAF LEXIS 818, *6 (C.A.A.F. 7 Sep. 2021) (per curiam). In that case, the convening authority had signed a form stating he was taking "No Action" in the case. *Id.* at *3.

Similarly, the convening authority in this case stated in his Decision on Action memorandum that he was taking "no action on the sentence in this case." The convening authority failed to state whether he approved, disapproved, commuted, or suspended the sentence of the court-martial in whole or in part, to include Appellant's adjudged reduction in grade and forfeitures, the portions of the adjudged sentence for which Appellant requested clemency.[3] Considering *Brubaker-Escobar*, we find error.

Under the "new" Article 66, UCMJ, 10 U.S.C. § 866 (*Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*)) applicable to this case, the convening authority's error was procedural, not jurisdictional. *Brubaker-Escobar*, 2021 CAAF LEXIS 818, at *7–8. "[P]rocedural errors are 'test[ed] for material prejudice to a substantial right to determine whether relief is warranted.'" *Id.* at *8 (second alteration in original) (quoting *United States v. Alexander*, 61 M.J. 266, 269 (C.A.A.F. 2005)).

In *Brubaker-Escobar*, our superior court held the convening authority's error in taking "no action" was harmless because the appellant did not request clemency, and the convening authority could not have granted meaningful clemency regarding any portion of the adjudged sentence.[4] *Id.* at *8. In con-

---

[3] We note the Government has not subsequently offered any clarification of the convening authority's intent. *Cf. United States v. Harrington*, No. ACM 39825, 2021 CCA LEXIS 524 (A.F. Ct. Crim. App. 14 Oct. 2021) (unpub. op.) (convening authority's declaration regarding intent in taking "no action" on sentence demonstrated no material prejudice to a substantial right of appellant).

[4] In *Brubaker-Escobar*, the adjudged sentence included only a punitive discharge and a reduction to E-1. 2021 CAAF LEXIS 818, at *2. Under Article 60(c)(4)(A), UCMJ, the convening authority lacked the power to reduce the punitive discharge. *Id.* at *8. Further, though the convening authority in *Brubaker-Escobar* had the authority to grant clemency regarding the rank reduction, the CAAF found this power effectively "meaningless because [a]ppellant's punitive discharge would have resulted in an automatic reduction to E-1" under Article 58a, UCMJ, 10 U.S.C. § 858a, and a related Army regulation. *Id.* No such automatic reduction would apply to Appellant in this case. *See* Department of the Air Force Instruction 51-201, *Administration of Military Justice*, ¶ A11.26.3 (18 Jan. 2019) ("The provisions of Article 58a do not apply to the Air Force. All reductions in grade are based upon adjudged and approved sentences.").

trast, in this case Appellant requested clemency relief that the convening authority could meaningfully grant.[5] Under the facts presented here, we cannot conclude the convening authority's error did not materially prejudice a substantial right of Appellant. Accordingly, remand is appropriate before we complete our Article 66, UCMJ, review.

### III. Conclusion

This case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum, as the convening authority failed to take action on the sentence as required by Article 60, UCMJ, and *Brubaker-Escobar*.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Return the record of trial to the convening authority or his successor to take action on the sentence;

(2) Conduct one or more Article 66(f)(3), UCMJ (2019 *MCM*), proceedings using the procedural rules for post-trial Article 39(a), UCMJ, 10 U.S.C. § 839, sessions; and/or

(3) Correct or modify the entry of judgment.

---

[5] Specifically, the convening authority could have granted meaningful clemency regarding the reduction in grade. The convening authority also could have granted clemency regarding the forfeitures. However, by operation of Article 58b, UCMJ, 10 U.S.C. § 858b, forfeitures would have been automatic for the period of confinement and during appellate leave, which the convening authority directed upon Appellant's completion of the sentence to confinement. Thus, as in *Brubaker-Escobar*, the convening authority's grant of clemency regarding forfeitures would have had the potential to be effectively "meaningless." 2021 CAAF LEXIS 818, at *8. Additionally, the convening authority in this case could have granted clemency regarding the reprimand, but demonstrated his intent not to do so by providing specific language for the reprimand. The convening authority lacked authority to affect the punitive discharge and sentence to confinement. R.C.M. 1107(d)(1)(B).

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66, UCMJ.



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court