# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39856**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Michael J. WERMUTH**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 30 July 2021

————————————

*Military Judge:* Wesley A. Braun.

*Sentence:* Sentence adjudged on 12 November 2019 by GCM convened at Dover Air Force Base, Delaware. Sentence entered by military judge on 30 December 2019: Dishonorable discharge, confinement for 3 years, and reduction to E-1.

*For Appellant:* Major Amanda E. Dermady, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Lieutenant Colonel Matthew J. Neil, USAF; Captain Cortland T. Bobczynski, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, LEWIS, and CADOTTE, *Appellate Military Judges*.

Chief Judge JOHNSON delivered the opinion of the court, in which Judge CADOTTE joined. Senior Judge LEWIS filed a separate dissenting opinion.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

JOHNSON, Chief Judge:

A general court-martial composed of a military judge alone found Appellant guilty, in accordance with his pleas and pursuant to a pretrial agreement (PTA), of one specification of possession of child pornography and one specification of distribution of child pornography, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934.[1] The military judge sentenced Appellant to a dishonorable discharge, confinement for four years, and reduction to the grade of E-1. The convening authority signed a Decision on Action memorandum which stated Appellant's term of confinement of four years was reduced to three years pursuant to the PTA. Thereafter, the military judge signed an entry of judgment stating the final sentence, as modified by the convening authority's action, as a dishonorable discharge, confinement for three years, and reduction to the grade of E-1.

Appellant raises four issues on appeal: (1) whether the military judge erred when he admitted a stipulation of fact into evidence that contained victim impact statements as attachments; (2) whether the trial counsel committed prosecutorial misconduct during sentencing argument; (3) whether the convening authority erred by not taking action on the sentence; and (4) whether Appellant is entitled to sentence relief due to his civilian post-trial confinement conditions.

Regarding issue (3), we find the convening authority failed to take action on the entire sentence as required by Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, UCMJ, 10 U.S.C. § 860. As a result, we conclude remand to the Chief Trial Judge, Air Force Trial Judiciary, is appropriate. Accordingly, we defer addressing the remaining issues until the record is returned to this court for completion of our Article 66, UCMJ, 10 U.S.C. § 866, review.

## I. BACKGROUND

On 11 June 2019, the charge and its two specifications alleging Appellant possessed and distributed child pornography in violation of Article 134, UCMJ, were referred for trial by general court-martial. The charged timeframe for both specifications was between on or about 11 June 2017 and on or about 19 June 2018.

---

[1] References to the punitive articles of the UCMJ are to the *Manual for Courts-Martial, United States* (2016 ed.). Unless otherwise noted, all other references to the UCMJ and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

On 16 October 2019, Appellant and the convening authority entered into a PTA whereby Appellant agreed to plead guilty to the charge and its specifications and the convening authority agreed to approve no confinement in excess of three years.

Appellant's court-martial took place on 12 November 2019. The military judge found Appellant guilty in accordance with his pleas and sentenced Appellant to a dishonorable discharge, confinement for four years, and reduction to the grade of E-1.

After the court-martial, Appellant signed a memorandum waiving his right to submit matters in clemency. On 10 December 2019, the staff judge advocate provided written advice to the convening authority recommending the confinement be reduced from four years to three years and no further action be taken on the findings or sentence. On 30 December 2019, the acting staff judge advocate provided an addendum to the written advice which noted that: (1) Appellant had not submitted clemency matters; (2) the earlier recommendation remained unchanged; and (3) a proposed Decision on Action memorandum was prepared and attached.

On 30 December 2019, the convening authority signed a Decision on Action memorandum. In it, the convening authority acknowledged consulting with the staff judge advocate and receiving no clemency matters from Appellant. The convening authority took no action on the findings and the "following action on the sentence . . . The part of the sentence extending to four (4) years of confinement is reduced to three (3) years of confinement in accordance with the pretrial agreement." The memorandum also included the statement: "Unless competent authority otherwise directs, upon completion of the sentence to confinement, [Appellant] will be required, under Article 76a, UCMJ, [10 U.S.C. § 876a] to take leave pending completion of appellate review." Later on 30 December 2019, the military judge signed the entry of judgment which reflected the convening authority's reduction of the term of confinement.

## II. DISCUSSION

The charge and specifications were referred to trial after 1 January 2019; therefore, the Rules for Courts-Martial that went into effect on 1 January 2019 were generally applicable to the post-trial processing of Appellant's case. *See* Executive Order 13,825, § 5, 83 Fed. Reg. at 9890. However, the charged offenses occurred prior to 1 January 2019. Therefore, in accordance with Executive Order 13,825, § 6, the version of Article 60, UCMJ, 10 U.S.C. § 860, in effect prior to 1 January 2019 applied to the convening authority to the extent that it required him to take action on the sentence. 83 Fed. Reg. at 9890. Before 1 January 2019, Article 60, UCMJ, required the convening authority to take

action on the sentence in every case. 10 U.S.C. § 860 (*Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*)) ("Action on the sentence of a court-martial shall be taken by the convening authority or by another person authorized to act under this section."); *see also United States v. Perez*, 66 M.J. 164, 165 (C.A.A.F. 2008) (per curiam) ("[T]he convening authority is required to take action on the sentence . . . ."); R.C.M. 1107(f)(4)(A) (2016 *MCM*) ("The action shall state whether the sentence adjudged by the court-martial is approved. If only part of the sentence is approved, the action shall state which parts are approved.").

The convening authority's 30 December 2019 memorandum indicated that he took action specifically to reduce Appellant's term of confinement in accordance with the terms of the PTA. In addition, the reference to Appellant taking leave "under Article 76a, UCMJ," implied the continued existence of the dishonorable discharge. *See* 10 U.S.C. § 876a. However, the convening authority did not specifically approve, disapprove, commute, or suspend any element of the sentence other than to reduce the confinement. In fact, the staff judge advocate advised him to take no other action on the sentence. *See* 10 U.S.C. § 860(c)(2) (2016 *MCM*).

This situation is substantially similar to that in *United States v. Lopez*, No. ACM S32597, 2020 CCA LEXIS 439 (A.F. Ct. Crim. App. 8 Dec. 2020) (unpub. op.), and several other recent decisions by this court where we have remanded the record of trial to address incomplete and ambiguous convening authority actions. *See*, *e.g.*, *United States v. Huff*, No. ACM 39845, 2021 CCA LEXIS 168 (A.F. Ct. Crim. App. 8 Apr. 2021) (unpub. op.); *United States v. Anderson*, No. ACM S32671, 2021 CCA LEXIS 134 (A.F. Ct. Crim. App. 30 Mar. 2021) (unpub. op.); *United States v. Corpetts*, No. ACM S32633, 2021 CCA LEXIS 21 (A.F. Ct. Crim. App. 25 Jan. 2021) (unpub. op.). We recognize that panels of this court composed of other judges have applied different reasoning in cases where the convening authority did not take action on the entire sentence, or purported to take "no action" on the sentence. *See*, *e.g.*, *United States v. Merritt*, No. ACM 39754, 2021 CCA LEXIS 61, at *2 n.2 (A.F. Ct. Crim. App. 11 Feb. 2021) (unpub. op.); *United States v. Jackman*, No. ACM 39685 (f rev), 2021 CCA LEXIS 26 (A.F. Ct. Crim. App. 26 Jan. 2021) (unpub. op.); *United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.); *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (unpub. op.), *rev. granted*, ___ M.J. ___, No. 21-0126, 2021 CAAF LEXIS 389 (C.A.A.F. 4 Mar. 2021). However, we continue to adhere to the same view expressed in the majority opinion in *Lopez* in situations where the convening authority fails to take action on the entire sentence as required by Executive Order 13,825 and the pre-1 January 2019 version of Article 60, UCMJ.

Accordingly, we conclude the convening authority's failure to take action on the sentence other than to reduce the term of confinement was incomplete and ambiguous, and therefore deficient. *See United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (stating the convening authority's action is required to be "clear and unambiguous"). For the reasons set forth in the majority opinion in *Lopez*, we find the record should be remanded to the Chief Trial Judge, Air Force Trial Judiciary, to resolve the error. *See* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3); *Lopez*, unpub. op. at *8–11.

### III. CONCLUSION

The record is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum as the action taken on Appellant's adjudged sentence was ambiguous and incomplete.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

> (1) Correct the Statement of Trial Results;[2]
>
> (2) Return the record of trial to the convening authority or his successor to take action on the sentence;
>
> (3) Conduct one or more Article 66(f)(3), UCMJ, proceedings using the procedural rules for post-trial Article 39(a), UCMJ, sessions; and/or
>
> (4) Correct or modify the entry of judgment.

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66, UCMJ.

LEWIS, Senior Judge (dissenting):

I respectfully disagree with my esteemed colleagues who conclude the convening authority's action was ambiguous and incomplete given Executive Order 13,825, § 6, 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, Uniform

---

[2] The Statement of Trial Results failed to include the command that convened the court-martial as required by R.C.M. 1101(a)(3). Appellant has not claimed prejudice from the error. *See United States v. Moody-Neukom*, No. ACM S32594, 2019 CCA LEXIS 521, at *2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.).

Code of Military Justice (UCMJ), 10 U.S.C. § 860 (*Manual for Courts-Martial, United States* (2016 ed.)). Therefore, I dissent.

Appellant's assignment of error recognizes that the law is "unsettled" in this area and urges our court to find the failure to take action the entire sentence was an error that does not require a prejudice analysis. Accordingly, Appellant does not attempt to show that he was prejudiced when the convening authority did not approve each component of the adjudged sentence.

In evaluating the convening authority's decision memorandum, I adhere to the approach I have used in prior cases including *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416, at *29–37 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (unpub. op.) (Lewis, S.J., concurring in part and in the result), *rev. granted*, ___ M.J. ___, No. 21-0126, 2021 CAAF LEXIS 389 (C.A.A.F. 4 Mar. 2021), and *United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS 246, at *13–16 (A.F. Ct. Crim. App. 27 Jul. 2020) (unpub. op.). Here, I can discern no colorable showing of possible prejudice to Appellant as he waived his right to submit a clemency request.

From a factual perspective, the convening authority's decision memorandum addresses two components of Appellant's adjudged sentence: the dishonorable discharge and the three years of confinement. The convening authority expressly reduced the confinement consistent with the pretrial agreement. Additionally, the convening authority required that Appellant be placed on appellate leave pursuant to Article 76a, UCMJ, 10 U.S.C. § 876a (*Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*)), "upon completion of the sentence to confinement" which demonstrates that the convening authority intended that Appellant receive an unsuspended dishonorable discharge. The only part of the sentence not addressed is the reduction in grade to E-1.

Appellant forfeited, absent plain error, the issue of whether the convening authority's decision memorandum was incomplete, irregular, or contained error when no post-trial motion was filed by trial defense counsel five days after receipt of the decision memorandum. *See* Rule for Courts-Martial (R.C.M.) 1104(b)(2)(B) (2019 *MCM*). To prevail under a plain error analysis, Appellant must show "(1) there was an error; (2) [the error] was plain or obvious; and (3) the error materially prejudiced a substantial right." *See United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (en banc) (quoting *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005)). I would apply the threshold of "some colorable showing of possible prejudice" as the appropriate standard for an error impacting an appellant's request for clemency under the current post-trial processing system. *See, e.g., United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427, at *12–13 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.) (quoting *LeBlanc*, 74 M.J. at 660).

Applying the plain error standard of review, even if I assume without deciding that there was error when the convening authority did not approve each element of the sentence listed in the entry of judgment (EoJ), and that this error was plain or obvious, I see no colorable showing of possible prejudice to Appellant. In cases like *Cruspero* and *Finco* a colorable showing was "apparent" because we were "unsure" whether the convening authority made a decision on a clemency request that could be granted. *Cruspero*, unpub. op. at *13; *Finco*, unpub. op. at *16. Here, Appellant signed a written waiver of his right to submit clemency matters shortly after the court-martial adjourned. I find the waiver complies with R.C.M. 1106(e)(3) (2019 *MCM*). Under these circumstances, I am satisfied that the convening authority intended that the entire sentence be approved, and there is no colorable showing of possible prejudice when Appellant waived the right to submit clemency matters. I see no need for a remand because the EoJ requires no correction or modification. Therefore, I would reach the other issues raised by Appellant and complete our review under Article 66, UCMJ, 10 U.S.C. § 866.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court