# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

_____

### No. ACM 39857

_____

### UNITED STATES
*Appellee*

### v.

### Michael J. STEINERT
Senior Airman (E-4), U.S. Air Force, *Appellant*

_____

Appeal from the United States Air Force Trial Judiciary

Decided 10 August 2021

_____

*Military Judge:* Matthew D. Talcott (arraignment); Jefferson B. Brown.

*Sentence:* Sentence adjudged on 10 October 2019 by GCM convened at Goodfellow Air Force Base, Texas. Sentence entered by military judge on 1 November 2019: Bad-conduct discharge, confinement for 2 years, forfeiture of all pay and allowances, reduction to E-1, and a reprimand.

*For Appellant:* Major Amanda E. Dermady, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Lieutenant Colonel Matthew J. Neil, USAF; Captain Cortland T. Bobczynski, USAF; Mary Ellen Payne, Esquire.

Before MINK, KEY, and ANNEXSTAD, *Appellate Military Judges.*

Senior Judge KEY delivered the opinion of the court, in which Senior Judge MINK joined. Judge ANNEXSTAD filed a separate dissenting opinion.

_____

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

_____

KEY, Senior Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and pursuant to a pretrial agreement, of five specifications of assault consummated by a battery and one specification of failure to obey a lawful order, in violation of Articles 128 and 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 928, 892.[1] After Appellant had been arraigned, pursuant to the terms of the pretrial agreement, the convening authority withdrew and dismissed one specification of attempted sexual assault and five specifications of sexual assault, in violation of Articles 80 and 120, UCMJ, 10 U.S.C. §§ 880, 920. Three additional specifications of assault consummated by a battery, in violation of Article 128, UCMJ, were withdrawn and dismissed before arraignment. The specifications Appellant was convicted of, as well as those that were dismissed, all pertained to offenses committed in 2017 and 2018. The military judge sentenced Appellant to a bad-conduct discharge, confinement for two years, forfeiture of all pay and allowances, reduction to the grade of E-1, and a reprimand.

On appeal, Appellant raises five issues, the fourth of which we reach here: whether the convening authority erred by not taking action on Appellant's sentence as required by Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, UCMJ, 10 U.S.C. § 860. Appellant proposes this court remand his case to resolve this matter.

We agree with Appellant. As a result, we conclude that remand to the Chief Trial Judge, Air Force Trial Judiciary, is appropriate, and we do not reach the other four issues Appellant has raised. Considering our resolution of Appellant's fourth assignment of error, we will defer addressing the remainder of the issues he raises until the record is returned to this court for completion of our review under Article 66(d), UCMJ, 10 U.S.C. § 866(d) (*Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*)).

In our initial review of this case, we identified other potential errors with respect to matters contained in the record of trial which may warrant consideration during remand and prior to returning the record to this court. We set out those matters below.

# I. BACKGROUND

The specifications in this case were preferred on 29 January 2019 and referred on 11 April 2019. Appellant was tried by a military judge and sentenced on 10 October 2019. Afterwards, Appellant's trial defense counsel submitted a

---

[1] Unless otherwise noted, references to the UCMJ and the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2016 ed.).

petition for clemency on 18 October 2019 in which he asked the convening authority to disapprove Appellant's reduction in grade. In the pretrial agreement, the convening authority stated she would, *inter alia*, "Approve a sentence in accordance with Appendix A" of the agreement. The applicable provision in that appendix stated, "There are no restrictions on the [c]onvening [a]uthority's ability to approve any punishment that may be adjudged, other than those inherent in the forum and the Charges themselves."

On 28 October 2019, the convening authority signed a Decision on Action memorandum. In the memorandum, she stated: "I take no action on the findings in this case." Notwithstanding the language in the pretrial agreement indicating she would approve a sentence, she further wrote, "I take no action on the sentence in this case." The Decision on Action memorandum also included the wording of Appellant's reprimand and directed Appellant to "take leave pending completion of appellate review" upon release from confinement. The memorandum contained no further indication as to whether any element of Appellant's sentence was approved, disapproved, commuted, or suspended. On 1 November 2019, the military judge signed the entry of judgment, setting out the adjudged sentence. He included the Decision on Action memorandum as an attachment.

## II. DISCUSSION

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63 (C.A.A.F. 2004)). Interpretation of a statute and a Rule for Courts-Martial (R.C.M.) are also questions of law we review de novo. *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted); *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2005) (citation omitted).

Executive Order 13,825, § 6(b), requires that the version of Article 60, UCMJ,

> in effect on the date of the earliest offense of which the accused was found guilty, shall apply to the convening authority . . . to the extent that Article 60:
>
> (1) requires action by the convening authority on the sentence;
>
>  . . . or
>
> (5) authorizes the convening authority to approve, disapprove, commute, or suspend a sentence in whole or in part.

*See* 2018 Amendments to the Manual for Courts-Martial, United States, 83 Fed. Reg. at 9890. The version of Article 60, UCMJ, in effect when Appellant's

offenses first occurred stated "[a]ction on the sentence of a court-martial *shall* be taken by the convening authority or by another person authorized to act under this section." 10 U.S.C. § 860(c)(2)(A) (emphasis added); *see also United States v. Perez*, 66 M.J. 164, 165 (C.A.A.F. 2008) (per curiam) ("[T]he convening authority is required to take action on the sentence . . . ."). Article 60(c)(2)(B), UCMJ, further stated: "Except as [otherwise] provided . . . the convening authority . . . may approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part." 10 U.S.C. § 860(c)(2)(B). The convening authority's action is required to be "clear and unambiguous." *United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citation omitted).

This court addressed a similar situation in its en banc decision in *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (unpub. op.), *rev. granted*, ___ M.J. ___, No. 21-0126, 2021 CAAF LEXIS 389 (C.A.A.F. 4 Mar. 2021). In *Aumont*, the convening authority signed a memorandum stating that he took "no action" on the findings or sentence in a case involving offenses occurring prior to 1 January 2019. *Id.* at *22. *Aumont* resulted in four separate opinions, reflecting four distinct positions among the judges on this court as to whether the convening authority's statement that he took no action was erroneous and, if so, whether remand for correction was required. *Id.* (*passim*). A majority of the judges in *Aumont*—six of the ten judges—concluded the convening authority erred; four of those six judges, including the majority of the panel in the instant case, found the error required remand for corrective action without testing for prejudice. *Id.* at *89 (J. Johnson, C.J., concurring in part and dissenting in part).

We recognize that other panels of this court have applied different reasoning in cases decided before and after *Aumont*. *See, e.g.*, *United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.); *United States v. Barrick*, No. ACM S32579, 2020 CCA LEXIS 346 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub. op.); *United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS 246 (A.F. Ct. Crim. App. 27 Jul. 2020) (unpub. op.); *cf. United States v. Coffman*, 79 M.J. 820, 824 (A. Ct. Crim. App. 2020) (wherein our sister-service court found the convening authority's failure to take action was harmless error). Nevertheless, we continue to adhere to the view that—in situations where the convening authority fails to take action on the sentence as required by Executive Order 13,825 and the pre-1 January 2019 version of Article 60, UCMJ—the convening authority has erred.

In cases involving a conviction for an offense committed prior to 1 January 2019, the convening authority is required to explicitly state whether the sentence is approved. R.C.M. 1107(f)(4)(A) (implementing the version of Article 60, UCMJ, applicable to Appellant's case). "If only part of the sentence is approved, the action shall state which parts are approved." *Id.* In this case, the convening

authority explicitly stated she did not take action on the sentence. She set out the wording of Appellant's reprimand and implicitly referenced the adjudged punitive discharge by mentioning appellate leave; however, she did not mention the confinement, forfeitures, or reduction in grade. The convening authority's action was incomplete and ambiguous, and therefore deficient. *See Politte*, 63 M.J. at 26. The convening authority's failure to take action on the entire sentence fails to satisfy the requirement of the applicable Article 60, UCMJ. *See United States v. Lopez*, No. ACM S32597, 2020 CCA LEXIS 439, at *11 (A.F. Ct. Crim. App. 8 Dec. 2020) (unpub. op.).

Our superior court has mandated that when a Court of Criminal Appeals identifies an ambiguity in an action, it must return the case to the convening authority. *Politte*, 63 M.J. at 25–26 (applying the earlier versions of Articles 60 and 66, UCMJ, 10 U.S.C. §§ 860, 866 (2000), reasoning which we find applicable here). In requiring the deficient action to be returned to the convening authority, our superior court did not evaluate the deficiency for prejudice; the deficiency in the action *ipso facto* required its return. *Id.*; *see also United States v. Scott*, 49 M.J. 160, 160 (C.A.A.F. 1998). For the reasons set forth in the dissenting opinion in *Aumont*, we remand the record to the Chief Trial Judge, Air Force Trial Judiciary, to resolve the error. Unpub. op. at *89 (J. Johnson, C.J., concurring in part and dissenting in part); *see* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3) (2019 *MCM*).

We take this opportunity to highlight other matters which may warrant consideration before returning the record to this court. First, Appellant asserts the various dismissed specifications were dismissed with prejudice, yet the entry of judgment omits the "with prejudice" language. Second, Appellant notes the language of four of the specifications alleging assault consummated by a battery was amended by the convening authority via exceptions and substitutions to the charge sheet, yet the amended language is not reflected in the entry of judgment. Finally, Appellant asserts the entry of judgment is missing his social security number.[2] The Government appears to concede Appellant's assertions require correction, but has asked this court to correct the entry of judgment instead of remanding the case, as has been our past practice. We defer our review of Appellant's claim of prejudice with respect to these matters until the record is returned for our review.

### III. CONCLUSION

The record is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision

---

[2] We note that the record of trial filed with this court includes an entry of judgment that reflects Appellant's social security number.

memorandum, as the action taken on Appellant's adjudged sentence was ambiguous and incomplete.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. Jt. Ct. Crim. App. R. 29(b)(2). A detailed military judge may:

(1) Correct the Statement of Trial Results;[3]

(2) Return the record of trial to the convening authority or her successor to take action on the sentence;

(3) Conduct one or more Article 66(f)(3), UCMJ (2019 *MCM*), proceedings using the procedural rules for post-trial Article 39(a), UCMJ, 10 U.S.C. § 839, sessions; and/or

(4) Correct or modify the entry of judgment.

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66, UCMJ.

ANNEXSTAD, Judge (dissenting):

I respectfully disagree with my colleagues' conclusion remanding this case to the Chief Trial Judge, Air Force Trial Judiciary, because the convening authority's action was ambiguous and incomplete. Consistent with our court's decision in *United States v. Barrick*, No. ACM S32579, 2020 CCA LEXIS 346, at *3 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub. op.), I would find the convening authority's decision to "take no action on the sentence" was the equivalent of action. In coming to this conclusion, I note, as our court did in *Barrick*, that:

> Air Force Instruction 51-201, *Administration of Military Justice*, Section 13D (18 Jan. 2019), correctly advises convening authorities to grant relief as circumscribed by the applicable version of Article 60, UCMJ[, 10 U.S.C. § 860]. Additionally, it advises convening authorities to specify "no action" if not granting relief, which would include effecting "action" under the applicable version of Article 60, UCMJ.

*Id.* at *3–4.

---

[3] The Statement of Trial Results failed to include the command that convened the court-martial as required by R.C.M. 1101(a)(3) (2019 *MCM*). Appellant does not claim prejudice, and we find none. *See United States v. Moody-Neukom*, No. ACM S32594, 2019 CCA LEXIS 521, at *2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.).

I also recognize that we can use surrounding documentation to interpret an otherwise unclear convening authority action, including looking outside the four corners of the action's language. *See United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citing *United States v. Loft*, 10 M.J. 262, 268 (C.M.A. 1981)).

In this case, the record demonstrates that Appellant submitted clemency matters to the convening authority on 18 October 2019. In his matters, Appellant asked the convening authority to grant him leniency with respect to his reduction in grade. On 28 October 2019, the convening authority memorialized her decision to "take no action" on the findings and sentence in her Decision on Action memorandum to the military judge. Consistent with Section 13D of Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, the convening authority expressed her decision to not grant relief as "no action." *See* AFI 51-201, ¶ 13.23 (18 Jan. 2019). Additionally, the convening authority directed Appellant to "take leave" pending completion of appellate review upon release from confinement—an action only necessary when a convening authority cannot or chooses not to disturb an adjudged punitive discharge. On 1 November 2019, the military judge signed the entry of judgment (EoJ), reflecting the sentence as adjudged. The convening authority's Decision on Action memorandum was attached to the EoJ.

I would find that the convening authority's decision met the legacy requirements of Article 60, UCMJ, 10 U.S.C. § 860 (*Manual for Courts-Martial, United States* (2016 ed.)), requiring the convening authority to effectuate the sentence. I would also find the decision complied with the provisions of Rule for Courts-Martial (R.C.M.) 1109 of the *Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*), requiring convening authority action only when affecting the sentence. In this case, the convening authority's decision to provide no relief at action was a "clear and unambiguous" determination to effectuate the adjudged sentence without modification. *See Politte*, 63 M.J. at 25–26. There is no indication in the record that the military judge or the parties were confused as to the convening authority's decision to grant no relief. The sentence memorialized in the EoJ was the same as the sentence adjudged at trial, and neither party moved for correction of the Decision on Action memorandum or the EoJ. *See* R.C.M. 1104(b)(2)(B), (C) (2019 *MCM*). For these reasons, I would find no error in the convening authority's action and would not delay our review under

Article 66(d), UCMJ, 10 U.S.C. § 866(d) (2019 *MCM*), by remanding the case to the Chief Trial Judge, Air Force Trial Judiciary.



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court