# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM S32648**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Cyle L. DAVIS**
Airman Basic (E-1), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 26 August 2021

———————————

*Military Judge:* Bryon T. Gleisner.

*Sentence:* Sentence adjudged 31 January 2020 by SpCM convened at Shaw Air Force Base, South Carolina. Sentence entered by military judge on 3 March 2020: Bad-conduct discharge and confinement for 210 days.

*For Appellant:* Lieutenant Colonel Kirk W. Albertson, USAF.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Major John P. Patera, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, LEWIS, and CADOTTE, *Appellate Military Judges*.

Judge CADOTTE delivered the opinion of the court, in which Chief Judge JOHNSON joined. Senior Judge LEWIS filed a separate dissenting opinion.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

CADOTTE, Judge:

In accordance with Appellant's pleas and pursuant to a plea agreement, a special court-martial composed of a military judge sitting alone found Appellant guilty of one charge with one specification of wrongful use of marijuana,[1] one specification of divers wrongful use of cocaine, and one specification of divers wrongful use of lysergic acid diethylamide, all in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a;[2] and one charge and two specifications of wrongfully obtaining and distributing the names and social security numbers of Airmen, in violation of Article 134, UCMJ, 10 U.S.C. § 934, *Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*).[3] In total, the conduct for which Appellant was convicted spanned a date range of on or about 1 September 2018 through on or about 18 September 2019.

As part of his plea agreement with the convening authority, Appellant waived his right to trial by members; waived the opportunity to obtain the personal appearance of witnesses for presentencing proceedings; waived all waivable motions; elected to be sentenced under the post-1 January 2019 rules;[4] and agreed to enter into a stipulation of fact. The plea agreement required the military judge to enter concurrent segmented sentences and required the adjudged confinement sentences to be within the range agreed upon for each offense. As a result of the agreement, Appellant's confinement exposure was a minimum of 180 days and a maximum of 210 days. The military judge sentenced Appellant to a bad-conduct discharge and confinement for 210 days. Appellant received 135 days of pretrial confinement credit.

---

[1] Appellant pleaded not guilty to—and was found not guilty of—the excepted words, "on divers occasions."

[2] The charged wrongful use of marijuana occurred in 2019; accordingly, for this specification, the punitive article in Article 112a, UCMJ, 10 U.S.C. § 912a, *Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*), applies. The charged divers wrongful use of cocaine occurred between on or about 1 October 2018 and on or about 31 May 2019; accordingly, for this specification, the punitive article in Article 112a, UCMJ, 10 U.S.C. § 912a, *Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*), applies, and did not change on 1 January 2019. The charged divers wrongful use of lysergic acid diethylamide occurred in 2018; accordingly, for this specification, the punitive article in Article 112a, UCMJ, 10 U.S.C. § 912a (2016 *MCM*), applies. Unless otherwise specified, all other references to the UCMJ and Rules for Courts-Martial (R.C.M.) are to the 2019 *MCM*.

[3] Pursuant to the plea agreement, Appellant pleaded not guilty to one charge and specification of Article 92, UCMJ, 10 U.S.C. § 892 (2016 *MCM*); and one charge and three specifications of Article 115, UCMJ, 10 U.S.C. § 915 (2019 *MCM*)—all of which were withdrawn and dismissed with prejudice prior to adjournment.

[4] This election was made prior to arraignment consistent with R.C.M. 902A(b).

Appellant personally raises two issues on appeal: (1) whether the convening authority improperly failed to take action on the sentence in his case; and (2) whether Appellant is entitled to sentence appropriateness relief resulting from the Government's post-trial delay.[5]

We agree with Appellant with respect to his first assignment of error that the convening authority failed to take action on the entire sentence as required by Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, UCMJ, 10 U.S.C. § 860 (2016 *MCM*). As a result, we conclude that remand to the Chief Trial Judge, Air Force Trial Judiciary, is required. Considering our resolution of Appellant's first assignment of error, we will defer addressing the other assignment of error until the record is returned to this court for completion of our review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).

## I. BACKGROUND

The charges and specifications were referred to a special court-martial on 22 October 2019. Appellant's court-martial concluded on 31 January 2020. Several of the offenses for which Appellant was convicted pre-dated 1 January 2019. On the same day that the trial concluded, Appellant signed a written waiver of his right to submit a request for clemency. On 27 February 2020, the convening authority signed a Decision on Action memorandum. In the memorandum, the convening authority stated, "I take no action on the sentence in this case." The convening authority documented that Appellant did not submit matters for consideration. Finally, the convening authority stated, "Unless competent authority otherwise directs, upon completion of the sentence to confinement, [Appellant] will be required, under Article 76a, UCMJ, [10 U.S.C. § 876a,] to take leave pending completion of appellate review."

## II. DISCUSSION

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). We also review de novo interpretation of a statute, *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2005) (citation omitted), and interpretation of an R.C.M., *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted).

Executive Order 13,825, § 6(b), requires that the version of Article 60, UCMJ,

---

[5] Appellant personally raised both issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

in effect on the date of the earliest offense of which the accused was found guilty, shall apply to the convening authority . . . to the extent that Article 60:

(1) requires action by the convening authority on the sentence;

. . . . or

(5) authorizes the convening authority to approve, disapprove, commute, or suspend a sentence in whole or in part.

*See* 2018 Amendments to the *Manual for Courts-Martial, United States*, 83 Fed. Reg. at 9890. The version of Article 60, UCMJ, in effect in 2018—the year in which the earliest of Appellant's charged offenses occurred—stated that "[a]ction on the sentence of a court-martial *shall* be taken by the convening authority or by another person authorized to act under this section." Article 60(c)(2)(A), UCMJ, 10 U.S.C. § 860(c)(2)(A) (2016 *MCM*) (emphasis added); *see also United States v. Perez*, 66 M.J. 164, 165 (C.A.A.F. 2008) (per curiam) ("[T]he convening authority is required to take action on the sentence . . . ."). Article 60(c)(2)(B), UCMJ, further stated: "Except as [otherwise] provided . . . the convening authority . . . may approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part." 10 U.S.C. § 860(c)(2)(B) (2016 *MCM*). The convening authority's action must be "clear and unambiguous." *United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citation omitted).

This court addressed a similar situation in its en banc decision in *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (unpub. op.), *rev. granted*, 81 M.J. 158 (C.A.A.F. 2021). In *Aumont*, the convening authority signed a memorandum stating that he took "no action" on the findings or sentence in a case involving offenses occurring prior to 1 January 2019. *Id*. at *22. *Aumont* resulted in four separate opinions, reflecting four distinct positions among the judges on this court as to whether the convening authority's statement that he took no action was erroneous and, if so, whether remand for correction was required. *Id. passim*. A majority of judges in *Aumont*—six of the ten judges—concluded the convening authority erred; four of those six judges found the error required remand for corrective action without testing for prejudice, *id*. at *89 (J. Johnson, C.J., concurring in part and dissenting in part), and the other two judges determined that while there was "plain or obvious" error, they found "no colorable showing of possible prejudice" to the appellant, *id*. at *32–33 (Lewis, S.J., concurring in part and in the result).

We recognize that panels of this court composed of other judges have applied different reasoning in other cases, before and after *Aumont* was issued. *See, e.g.*, *United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.); *United States v. Barrick*, No.

ACM S32579, 2020 CCA LEXIS 346 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub. op.); *United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS 246 (A.F. Ct. Crim. App. 27 Jul. 2020) (unpub. op.); *cf. United States v. Coffman*, 79 M.J. 820, 824 (A. Ct. Crim. App. 2020) (finding the convening authority's failure to take action was harmless error). Nevertheless, we continue to adhere to the view that—in situations where the convening authority fails to take action on the sentence as required by Executive Order 13,825 and the pre-1 January 2019 version of Article 60, UCMJ—the convening authority has erred. This includes the convening authority's failure to take action on the entire sentence, which also fails to satisfy the requirement of the applicable Article 60, UCMJ. *See United States v. Lopez*, No. ACM S32597, 2020 CCA LEXIS 439, at \*11 (A.F. Ct. Crim. App. 8 Dec. 2020) (unpub. op.).

In cases involving a conviction for an offense committed prior to 1 January 2019, the convening authority is required to explicitly state whether the sentence is approved. R.C.M. 1107(f)(4)(A) (2016 *MCM*) (implementing the version of Article 60, UCMJ, applicable to Appellant's case). In this case, the convening authority did not take action on the sentence. We find the convening authority's failure to take action on the entire sentence fails to satisfy the requirement of the applicable version of Article 60, UCMJ. *See Lopez*, unpub. op. at \*11. As a result, we find the record should be remanded to the Chief Trial Judge, Air Force Trial Judiciary, to resolve the error. *See* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3).

## III. CONCLUSION

This case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum, as the action taken on Appellant's adjudged sentence was ambiguous and incomplete.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Return the record of trial to the convening authority or his successor to take action on the sentence;

(2) Conduct one or more Article 66(f)(3), UCMJ, proceedings using the procedural rules for post-trial Article 39(a), UCMJ, 10 U.S.C. § 839(a), sessions; and/or

(3) Correct or modify the entry of judgment.

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66, UCMJ, 10 U.S.C. § 866.

LEWIS, Senior Judge (dissenting):

I respectfully disagree with my esteemed colleagues who conclude the convening authority's action was ambiguous and incomplete given Executive Order 13,825, § 6, 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 860, *Manual for Courts-Martial, United States* (2016 ed.). Therefore, I dissent.

Appellant personally raises this issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and acknowledges that he did not submit a request for clemency or file a post-trial motion pursuant to Rule for Courts-Martial (R.C.M.) 1104(b)(2)(B) *Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*). He asserts that the decision to take no action on the sentence was a plain or obvious error. Appellant does not attempt to demonstrate material prejudice.

In evaluating the convening authority's decision memorandum, I adhere to the approach I have used in prior cases, including *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416, at *29–37 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (unpub. op.) (Lewis, S.J., concurring in part and in the result), *rev. granted*, 81 M.J. 158 (C.A.A.F. 2021), and *United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS 246, at *13–16 (A.F. Ct. Crim. App. 27 Jul. 2020) (unpub. op.). Here, I can discern no colorable showing of possible prejudice to Appellant as he waived his right to submit a clemency request.

From a factual perspective, the convening authority's decision memorandum addressed the bad-conduct discharge. The convening authority required that Appellant be placed on appellate leave pursuant to Article 76a, UCMJ, 10 U.S.C. § 876a (2019 *MCM*), "upon completion of the sentence to confinement" which demonstrates that the convening authority intended that Appellant receive an unsuspended bad-conduct discharge and serve some period of confinement. The only part of the sentence not explicitly addressed is the 210 days of confinement.

Appellant forfeited, absent plain error, the issue of whether the convening authority's decision memorandum was incomplete, irregular, or contained error, when no post-trial motion was filed by trial defense counsel within five days after receipt of the decision memorandum. *See* R.C.M. 1104(b)(2)(B) (2019 *MCM*). To prevail under a plain error analysis, Appellant must show "(1) there was an error; (2) [the error] was plain or obvious; and (3) the error materially prejudiced a substantial right." *See United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (en banc) (quoting *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005)). I would apply the threshold of "some colorable showing of possible prejudice" as the appropriate standard for an error impacting

an appellant's request for clemency under the current post-trial processing system. *See, e.g.*, *United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427, at \*12–13 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.) (quoting *LeBlanc*, 74 M.J. at 660).

Applying the plain error standard of review, I agree with Appellant that taking no action on the sentence was a plain or obvious error; however, I see no colorable showing of possible prejudice to him. In cases like *Cruspero* and *Finco*, a colorable showing was "apparent" because we were "unsure" whether the convening authority made a decision on a clemency request that could be granted. *Cruspero*, unpub. op. at \*13; *Finco*, unpub. op. at \*16. Here, Appellant signed a written waiver of his right to submit clemency matters shortly after the court-martial adjourned. I find the waiver complies with R.C.M. 1106(e)(3) (2019 *MCM*). Under these circumstances, when Appellant waived the right to submit clemency matters, I am satisfied that there is no colorable showing of possible prejudice. I see no need for a remand because the entry of judgment requires no correction or modification. Therefore, I would reach the other issue raised personally by Appellant and complete our review under Article 66, UCMJ, 10 U.S.C. § 866 (2019 *MCM*).

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court