# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39878**

————————————

**UNITED STATES**
*Appellee*

**v.**

**JaKorbie R. DIXON**
Airman Basic (E-1), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 31 August 2021

————————————

*Military Judge:* Bradley A. Morris.

*Sentence:* Sentence adjudged on 21 November 2019 by GCM convened at Joint Base San Antonio-Randolph, Texas. Sentence entered by military judge on 20 December 2019: Bad-conduct discharge, confinement for 1 year, and a reprimand.

*For Appellant:* Major Amanda E. Dermady, USAF; Captain Sara J. Hickmon, USAF.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Major Alex B. Coberly, USAF; Mary Ellen Payne, Esquire; MacCaelin A. Sedita (legal intern).[1]

Before LEWIS, ANNEXSTAD and OWEN, *Appellate Military Judges*.

Judge ANNEXSTAD delivered the opinion of the court, in which Judge OWEN joined. Senior Judge LEWIS filed a separate dissenting opinion.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

---

[1] Mr. Sedita was supervised by attorneys admitted to practice before this court.

ANNEXSTAD, Judge:

A military judge sitting as a general court-martial convicted Appellant, contrary to his pleas, of one specification of housebreaking in violation of Article 130, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 930, and one specification of communicating a threat in violation of Article 134, UCMJ, 10 U.S.C. § 934.[2,3] The specifications pertained to offenses Appellant committed on or about 29 October 2018. The military judge sentenced Appellant to a bad-conduct discharge, confinement for one year, and a reprimand.

On appeal, Appellant raises six assignments of error: (1) whether the evidence is legally and factually sufficient to support Appellant's conviction for communicating a threat; (2) whether the evidence is legally and factually sufficient to support Appellant's conviction for housebreaking; (3) whether the recklessness mens rea under *Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM)* for communicating a threat violates the First Amendment;[4] (4) whether Appellant's guilty plea is improvident because unlawful entry is not a lesser-included offense of housebreaking; (5) whether the convening authority erred by not taking action on Appellant's sentence as required by Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, UCMJ, 10 U.S.C. § 860 (2016 *MCM*); and (6) whether Appellant is entitled to sentence relief because he received nonjudicial punishment under Article 15, UCMJ, 10 U.S.C. § 815, for the same offense for which he was sentenced at trial.[5] With respect to assignments of error (1)−(4), Appellant requests this court set aside the findings and sentence, and dismiss the charges and specifications. With respect to assignment of error (5), Appellant requests this court remand the case so that the convening authority can take action. Finally, with respect to assignment of error (6), Appellant asks this court to grant him eight days of sentence relief and reassess the term of confinement to 357 days.

We agree with Appellant with respect to his fifth assignment of error and his proposed remedy. As a result, we do not reach the other five assignments

---

[2] References to the punitive articles of the Uniform Code of Military Justice (UCMJ) are to the *Manual for Courts-Martial, United States* (2016 ed.). Unless otherwise noted, all other references to the UCMJ and to the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

[3] Appellant pleaded not guilty to housebreaking but guilty to the lesser-included offense of unlawful entry, in violation of Article 134, UCMJ.

[4] U.S. CONST. amend. I.

[5] This issue was personally raised by Appellant under *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

of error, and we conclude remand to the Chief Trial Judge, Air Force Trial Judiciary, is appropriate. We will defer addressing the remainder of his assignments until the record is returned to this court for completion of our review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).

## I. BACKGROUND

The specifications in this case were referred on 1 April 2019, and Appellant was tried by a military judge on 21 November 2019. On 3 December 2019, Appellant submitted his clemency matters to the convening authority. In his matters Appellant stated "[t]he Defense believes there is nothing for you to do in this case." On 12 December 2019, the military judge signed a corrected copy of the Statement of Trial Results. On 18 December 2019, the convening authority signed a Decision on Action memorandum. In the memorandum, the convening authority stated: "I take no action on the findings in this case." He further wrote, "I take the following action in this case" followed by the wording for Appellant's reprimand. The Decision on Action memorandum also directed Appellant to "take leave pending completion of appellate review." The memorandum contained no indication as to whether Appellant's sentence to confinement was approved, disapproved, commuted, or suspended. On 20 December 2019, the military judge signed the entry of judgment, setting out the adjudged sentence. He included the Decision on Action memorandum as an attachment.

## II. DISCUSSION

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). Interpretation of a statute and a Rule for Courts-Martial (R.C.M.) are also questions of law we review de novo. *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted); *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2005) (citation omitted).

Executive Order 13,825, § 6(b), requires that the version of Article 60, UCMJ,

> in effect on the date of the earliest offense of which the accused was found guilty, shall apply to the convening authority . . . to the extent that Article 60: (1) requires action by the convening authority on the sentence; . . . or (5) authorizes the convening authority to approve, disapprove, commute, or suspend a sentence in whole or in part.

*See* 2018 Amendments to the *Manual for Courts-Martial, United States*, 83 Fed. Reg. at 9890. The version of Article 60, UCMJ, in effect when Appellant's offenses first occurred stated "[a]ction on the sentence of a court-martial *shall*

be taken by the convening authority or by another person authorized to act under this section." 10 U.S.C. § 860(c)(2)(A) (2016 *MCM*) (emphasis added); *see also United States v. Perez*, 66 M.J. 164, 165 (C.A.A.F. 2008) (per curiam) ("[T]he convening authority is required to take action on the sentence . . . ."). Article 60(c)(2)(B), UCMJ, further stated: "Except as [otherwise] provided . . . the convening authority . . . may approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part." 10 U.S.C. § 860(c)(2)(B) (2016 *MCM*). The convening authority's action is required to be "clear and unambiguous." *United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citation omitted).

In cases involving a conviction for an offense committed prior to 1 January 2019, the convening authority is required to explicitly state whether the sentence is approved. R.C.M. 1107(f)(4)(A) (2016 *MCM*) (implementing the version of Article 60, UCMJ, applicable to Appellant's case). "If only part of the sentence is approved, the action shall state which parts are approved." *Id*. In this case, the convening authority did not take action on the entire sentence. He implicitly referenced the adjudged punitive discharge by mentioning appellate leave in addition to setting out the terms of the reprimand, but he did not mention the confinement.[6] The convening authority's action was incomplete and ambiguous, and therefore deficient. *See Politte*, 63 M.J. at 26. The convening authority's failure to take action on the entire sentence fails to satisfy the requirement of the applicable Article 60, UCMJ. *See United States v. Lopez*, No. ACM S32597, 2020 CCA LEXIS 439, at *11 (A.F. Ct. Crim. App. 8 Dec. 2020) (unpub. op.).

Our superior court has mandated that when a Court of Criminal Appeals identifies an ambiguity in an action, it must return the case to the convening authority, reasoning which we find applicable here. *Politte*, 63 M.J. at 25–26 (applying the earlier versions of Articles 60 and 66, UCMJ, 10 U.S.C. §§ 860, 866 (2000)). In requiring the deficient action to be returned to the convening authority, our superior court did not evaluate the deficiency for prejudice; the deficiency in the action *ipso facto* required its return. *Id*.; *see also United States v. Scott*, 49 M.J. 160, 160 (C.A.A.F. 1998).

---

[6] We also note that the convening authority did not state in his Decision on Action memorandum that he "took no action on the sentence" in this case, which panels of our court have found sufficiently "clear and unambiguous." *See United States v. Barrick*, No. ACM S32579, 2020 CCA LEXIS 346 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub. op.) *(*finding that a convening authority's decision to "take no action" was the equivalent of action).

### III. CONCLUSION

This case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum, as the action taken on Appellant's adjudged sentence was ambiguous and incomplete.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Correct the Statement of Trial Results;[7]

(2) Return the record of trial to the convening authority or his successor to take action on the sentence;

(3) Conduct one or more Article 66(f)(3), UCMJ, proceedings using the procedural rules for post-trial Article 39(a), UCMJ, 10 U.S.C. § 839, sessions; and/or

(4) Correct or modify the entry of judgment.

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66, UCMJ.

LEWIS, Senior Judge (dissenting):

I respectfully disagree with my esteemed colleagues who conclude the convening authority's action was ambiguous and incomplete given Executive Order 13,825, § 6, 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 860 (*Manual for Courts-Martial, United States* (2016 ed.)). Therefore, I dissent.

Appellant's fifth assignment of error recognizes that the law is "unsettled" in this area and urges our court to find the failure to take action on the entire sentence was an error that does not require a prejudice analysis. Accordingly, Appellant does not attempt to show that he was prejudiced when the convening authority did not approve each component of the adjudged sentence.

In evaluating the convening authority's decision memorandum, I adhere to the approach I have used in prior cases including *United States v. Aumont*, No.

---

[7] The Statement of Trial Results failed to include the command that convened the court-martial as required by R.C.M. 1101(a)(3). Appellant has not claimed prejudice, and we find none. *See United States v. Moody-Neukom*, No. ACM S32594, 2019 CCA LEXIS 521, at *2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (unpub. op.) (per curiam).

ACM 39673, 2020 CCA LEXIS 416, at *29–36 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (unpub. op.) (Lewis, S.J., concurring in part and in the result), *rev. granted*, 81 M.J. 158 (C.A.A.F. 2021), and *United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS 246, at *13–16 (A.F. Ct. Crim. App. 27 Jul. 2020) (unpub. op.). Here, I can discern no colorable showing of possible prejudice to Appellant as he did not request any relief on the adjudged sentence in his clemency submission and told the convening authority there "is nothing for you to do."

From a factual perspective, the convening authority's decision memorandum addresses two components of Appellant's adjudged sentence: the bad-conduct discharge and the reprimand. The convening authority required that Appellant be placed on appellate leave pursuant to Article 76a, UCMJ, 10 U.S.C. § 876a (*Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*)). This demonstrates that the convening authority intended that Appellant receive an unsuspended bad-conduct discharge. The language of the reprimand was also provided. The only part of the sentence not explicitly addressed is the confinement for one year. In cases where the appellant is still in confinement at the time of action, the convening authority typically directs appellate leave upon completion of the sentence to confinement. This decision memorandum does not include a reference to the completion of the confinement portion of the sentence. I presume this was an intentional omission indicating Appellant had already been released from confinement—having received 338 days of pretrial confinement credit—before 18 December 2019, the date the convening authority signed the decision memorandum.

Appellant forfeited, absent plain error, the issue of whether the convening authority's decision memorandum was incomplete, irregular, or contained error when no post-trial motion was filed by trial defense counsel five days after receipt of the decision memorandum. *See* Rule for Courts-Martial (R.C.M.) 1104(b)(2)(B) (2019 *MCM*). To prevail under a plain error analysis, Appellant must show "(1) there was an error; (2) [the error] was plain or obvious; and (3) the error materially prejudiced a substantial right." *See United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (en banc) (quoting *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005)). I would apply the threshold of "some colorable showing of possible prejudice" as the appropriate standard for an error impacting an appellant's request for clemency under the current post-trial processing system. *See, e.g.*, *United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427, at *12–13 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.) (quoting *LeBlanc*, 74 M.J. at 660).

Applying the plain error standard of review, even if I assume without deciding that there was error when the convening authority did not approve each element of the sentence listed in the entry of judgment (EoJ), and that this

error was plain or obvious, I see no colorable showing of possible prejudice to Appellant. In cases like *Cruspero* and *Finco* a colorable showing was "apparent" because we were "unsure" whether the convening authority made a decision on a clemency request that could be granted. *Cruspero*, unpub. op. at *13; *Finco*, unpub. op. at *16. Here, Appellant requested no sentence relief in clemency. Under these circumstances, I am satisfied that the convening authority intended that the adjudged sentence be approved, and there is no colorable showing of possible prejudice when Appellant stated there was "nothing" for the convening authority to do with the adjudged sentence. I see no need for a remand because the EoJ requires no correction or modification. Therefore, I would reach the assignments of error and the issue Appellant personally raised and complete our review under Article 66, UCMJ, 10 U.S.C. § 866 (2019 *MCM*).

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court